UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:22-cv-03391-SSS-PLAx | Date | August 2, 2022 |
|---|---|---|---|
| Title | Edward Pena v. International Medical Devices, Inc. et al. | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL [DKT. 28]**

Before the Court is Defendants' Unopposed Application for Leave to File Under Seal ("Application") [Dkt. 28] two documents in connection with their Motion to Dismiss [Dkt. 31]. Defendants have attached the two documents as Exhibits A and B to the Declaration of Amir M. Nassihi in Support of their Application [Dkt. 29].

Exhibit A is the "Eligibility Questionnaire" completed by Plaintiff, dated July 15, 2020, which Defendants claim contains Plaintiff's "personally identifiable information" and "protected health information." [Dkt. 28 at 3–4]. Exhibit B is the "Consent for Elective Penile Enhancement Surgery" signed by Plaintiff, dated October 2, 2020, which Defendants claim contains "detailed information that is sensitive in nature about Plaintiff's penile procedure" and "constitutes Plaintiff's medical record that is subject to medical privacy." [Dkt. 28 at 4].

For the reasons set forth below, Defendants' Application is GRANTED with respect to Exhibit A and DENIED WITH PREJUDICE with respect to Exhibit B.

## I. Legal Standard

In the Ninth Circuit, there is "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). When a party seeks to seal a document that is attached to a motion that is more than tangentially related to the merits of the case, it must establish a compelling reason to do so. *Ctr. for Auto Safety*, 809 F.3d at 1096–97, 1101. That is, the party must overcome the strong presumption of access by articulating compelling reasons to seal the document supported by "specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102–03). When the document is attached to a motion that is unrelated or only tangentially related to the merits of the case, "a party need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Foltz*, 331 F.3d at 1135).

"What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Examples of compelling reasons "include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

"Courts throughout the Ninth Circuit have recognized that the need to protect medical privacy generally qualifies as a compelling reason to seal records." *Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784, 2018 WL 6252458, at *2 (C.D. Cal. July 3, 2018) (collecting cases). However, "[w]here a party puts certain information at issue, that party's ability to claim an interest in privacy is weakened." *Andrich v. Kostas*, No. CV-19-02212, 2021 WL 3410908, at *2 (D. Ariz. July 2, 2021) (citing *Hesche v. NXP USA Inc.*, 2020 WL 8461529, *1 (D. Ariz. 2020) (collecting cases)); *see Ballard v. Terros Inc.*, No. CV-19-05658, 2020 WL 8613674, at *2 (D. Ariz. Sept. 25, 2020) ("Plaintiff has put her medical condition at issue in the complaint, the Court will not broadly grant leave to file all of Plaintiff's medical records under seal."). Nevertheless, "even where a plaintiff has put his medical history at issue, 'that does not mean that the entirety of his

medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public.'" *Weisberg*, 2018 WL 6252458, at *3 (citing *Carmichael v. Aranas*, No. 17-cv-00025, 2017 WL 955183, at *2 (D. Nev. Mar. 10, 2017)).

## II. Discussion

It is undisputed that the "compelling reasons" standard applies to Defendants' Application. *See* [Dkt. 28 at 2–4 (applying "compelling reasons" standard)]; *see also Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. 16-cv-00300, 2017 WL 2806897, at *6 (C.D. Cal. Mar. 30, 2017) (citing *Ctr. For Auto Safety*, 809 F.3d at 1098) (applying compelling reasons standard for motion to dismiss); *see FeeDx Holding Inc. v. Hayday Farms Inc.*, No. 17-cv-00433, 2017 WL 11632844, at *2 (C.D. Cal. June 6, 2017) (same).

With respect to Exhibit A [Dkt. 29-1], the "Eligibility Questionnaire" completed by Plaintiff, the Court agrees with Defendants and finds compelling reasons to seal it in its entirety. Exhibit A contains Plaintiff's personal identifying information and protected health information that is subject to medical privacy. Although Exhibit A is related to the Elective Penile Enhancement Surgery (the "Surgery") at issue in this case, the sensitivity of Plaintiff's information contained therein provides a compelling reason to seal it. *Karpenski v. Am. Gen. Life Companies, LLC*, No. 12-CV-01569, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013) ("Although the Plaintiff has put her health at issue in this lawsuit, she is nonetheless entitled to the Court's protection of sensitive medical information whose privacy is ensured by Federal law.") (citing *Health Insurance Portability and Accountability Act (HIPAA)*, Pub. L. 104–191 (1996) (regulating use and disclosure of "Protected Health Information")). Thus, Defendants' Application is GRANTED with respect to Exhibit A.

With respect to Exhibit B [Dkt. 29-2], the Court disagrees with Defendants and does not find compelling reasons to seal it. Defendants claim Exhibit B contains detailed information that is sensitive in nature about Plaintiff's penile procedure, which Defendants claim constitutes Plaintiff's medical record that is subject to medical privacy. [Dkt. 28 at 4]. The Court has reviewed Exhibit B. Unlike Exhibit A, Exhibit B does not contain sensitive protected health information belonging to Plaintiff that is subject to medical privacy. Rather, Exhibit B is merely a consent form containing general information about the Elective Penile Enhancement Surgery, including possible risks and complications,

which Plaintiff acknowledged by signing his initials. Moreover, the details regarding the Surgery, which Defendants claim are sensitive in nature, are already discussed in great length and, in some ways, in greater detail in the Complaint [Dkt. 1], which is publicly available. Furthermore, the Court found no sensitive information in Exhibit B that would justify redaction. Thus, Defendants' Application is DENIED WITH PREJUDICE with respect to Exhibit B.

For the reasons outlined above, the Court hereby **ORDERS** as follows:

1. Defendants' Application is **GRANTED-IN-PART** and **DENIED-IN-PART**.

2. Defendants' Application to file Exhibit A [Dkt. 29-1] under seal in its entirety is **GRANTED**. Accordingly, Defendants are **DIRECTED** to file Exhibit A pursuant to Local Rule 79-5.2.2(c). *See* L.R. 79-5.2.2(a).

3. Defendants' Application to file Exhibit B [Dkt. 29-2] under seal is **DENIED WITH PREJUDICE**. Accordingly, Defendants are **DIRECTED** to file an unredacted version of Exhibit B by August 5, 2022. *See* L.R. 79-5.2.2(a). Otherwise, the Court will not consider Exhibit B in connection with any pending motion. *Id.*

**IT IS SO ORDERED.**