| | |
|---|---|
| 1 | Amir M. Nassihi (SBN: 235936) |
| | anassihi@shb.com |
| 2 | SHOOK, HARDY & BACON L.L.P. |
| | 555 Mission Street Suite 2300 |
| 3 | San Francisco, California 94105 |
| | Telephone:  (415) 544-1900 |
| 4 | Facsimile:   (415) 391-0281 |
| 5 | Michael L. Mallow (SBN: 188745) |
| | mmallow@shb.com |
| 6 | Mayela C. Montenegro-Urch (SBN: 304471) |
| | mmontenegro@shb.com |
| 7 | SHOOK, HARDY & BACON L.L.P. |
| | 2049 Century Park East, Suite 3000 |
| 8 | Los Angeles, California 90067 |
| | Telephone:  (424) 285-8330 |
| 9 | Facsimile:   (424) 204-9093 |
| 10 | *[Additional Counsel on Signature Page]* |
| 11 | Attorneys for Defendants |
| | INTERNATIONAL MEDICAL DEVICES, INC., |
| 12 | MENOVA INTERNATIONAL, INC., GESIVA |
| | MEDICAL, LLC, JAMES J. ELIST, M.D., A |
| 13 | MEDICAL CORPORATION, and DR. JAMES ELIST |
| | Attorneys for Defendants |
| 14 | INTERNATIONAL |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD PEÑA, individually and on behalf of others similarly situated, | ) ) ) | Case No. 2:22-cv-03391-SSS (PLAx) |
| | ) | Judge: Hon. Sunshine S. Sykes |
| Plaintiff, | ) ) | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF** |
| v. | ) ) | **MOTION TO DISMISS EQUITABLE CLAIMS IN SECOND AMENDED** |
| INTERNATIONAL MEDICAL DEVICES, INC., MENOVA INTERNATIONAL, INC., GESIVA MEDICAL, LLC, JAMES J. ELIST M. D., a Medical Corporation, and Dr. James ELIST | ) ) ) ) ) ) | **CLASS ACTION COMPLAINT** Date:  April 14, 2023 Time: 2:00 pm Ctrm: 2 (via Zoom video conference) |
| Defendants. | ) ) ) ) ) ) | Complaint Filed: May 25, 2022 First Am. Compl. Filed: June 15, 2022 Second Am. Compl. Filed: Jan. 20, 2023 |

# INTRODUCTION

Plaintiff Edward Peña has not cured the deficiencies that infect the equitable claims in his Second Amended Complaint ("SAC") (Dkt. 51). He has not pleaded facts showing that his legal remedy for damages under the CLRA is inadequate, as Ninth Circuit precedent requires. And he has not shown that he is likely to suffer the same alleged harm again, which precludes his claim for injunctive relief. The equitable claims should be dismissed.

# ARGUMENT

## I. Plaintiff has not alleged the lack of an adequate legal remedy.

Peña does not dispute that pursuant to *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841-44 (9th Cir. 2020), he must sufficiently plead the lack of an adequate legal remedy before he can bring claims for equitable relief. He contends that the SAC meets this requirement because it pleads that Peña and the putative class members have "suffered irreparable injury" from the alleged misrepresentations and "[t]heir bodily integrity has been violated, creating a substantial risk of permanent injury." SAC ¶ 69. These allegations fail to show that Peña's available legal remedy is inadequate.

As an initial matter, these are allegations involving *past* injury—an injury for which Peña is presently seeking to recover money. Peña has not pleaded facts showing that money in the form of damages is an inadequate remedy. *Watkins v. MGA Entm't, Inc.*, 550 F. Supp. 3d 815, 837 (N.D. Cal. 2021) ("Plaintiffs' equitable-relief claim requires them to plead facts that, if proven, would show legal remedies would be inadequate[.]"). Peña's claimed loss is "the cost of purchasing the Penuma device and procedure." SAC ¶ 67. He has not shown how the equitable remedy of restitution "would go beyond the damages available" or that there is any "inherent limitation" of the damages remedy. *Hanscom v. Reynolds Consumer Prods. LLC*, 2022 WL 591466, at *3 (N.D. Cal. Jan. 21, 2022) (dismissing equitable-relief claims on motion to

dismiss); *Gibson v. Jaguar Land Rover N. Am., LLC*, 2020 WL 5492990, at *3-4 (C.D. Cal. Sept. 9, 2020) (dismissing equitable claim because plaintiff had not "alleged facts that could support a finding that monetary relief [specifically, damages] is insufficient to compensate him").

Peña argues that if the bodily injury is repeated, "a suit for damages would be entirely inadequate relief." Dkt. 58 at 5. But Peña is seeking *money* now for his alleged *past economic* injury and he has not shown that damages would be inadequate monetary compensation. Thus, he has not made the case for entitlement to restitution or disgorgement. As for the possibility of future *bodily* injury, that is not the subject of this lawsuit. Peña's claims are solely for *economic* loss based on the cost of the Penuma implant and procedure, not personal injury.[1] Thus, the future "repeated injury" at issue for purposes of his injunctive-relief claim is an *economic* injury, not a personal injury.[2] As discussed in the next section, Peña is not entitled to injunctive relief because he has not shown "a sufficient likelihood that he will again be wronged in a similar way[.]" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

Peña's reference to the alleged injuries of putative class members is irrelevant. As the named plaintiff, Peña must personally "demonstrate standing for each claim" and "each form of relief" he pursues. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021); *see Hodgers-Durgin v. de la Vina,* 199 F.3d 1037, 1045 (9th Cir. 1999). He is not personally entitled to pursue equitable relief and therefore may not represent

---

[1] Nor does Peña bring claims for violating his "bodily integrity" or "privacy." His reliance on *Cruzan v. Missouri Dep't of Health*, 497 U.S. 261 (1990) and *In re Meta Pixel Healthcare Litig.*, 2022 WL 17869218 (N.D. Cal. Dec. 22, 2022) is therefore misplaced. *Cruzan* is a right-to-die case involving a patient in a persistent vegetative state. *Meta Pixel* involved a motion for preliminary injunction based on allegations that the company operating Facebook was continuing to obtain Facebook users' protected health information when they accessed their healthcare providers' websites, which the court found was an intangible injury not remedied by damages. Peña has brought no such claims here.

[2] The remedy for a future personal injury would be a suit for damages in any event.

1  a class seeking this relief. *Id.*; *see Franckowiak v. Scenario Cockram USA, Inc.*, 2020
2  WL 9071697, at *4 (C.D. Cal. Nov. 30, 2020).

3        Peña says the Court should allow him to pursue his equitable claims "in the
4  alternative," citing *Maisel v. S.C. Johnson & Son, Inc.*, 2021 WL 1788397, at *12
5  (N.D. Cal. May 5, 2021). But *Maisel* relied entirely on pre-*Sonner* authorities and
6  therefore is inapposite. Moreover, as discussed in the motion, pleading equitable relief
7  in the alternative still requires Peña to plead the absence of an adequate legal remedy,
8  which he has not done. *Watkins*, 550 F. Supp. 3d at 837; *Drake v. Toyota Motor Co.*,
9  2020 WL 7040125, at *14 (C.D. Cal. Nov. 23, 2020); *Antonyan v. Ford Motor Co.*,
10 2022 WL 1299964, at *6 (C.D. Cal. Mar. 30, 2022); *McKinney v. Corsair Gaming,
11 Inc.*, 2022 WL 2820097, at *10 (N.D. Cal. July 19, 2022). "The question is not
12 whether or when [Peña is] required to choose between two available inconsistent
13 remedies, it is whether equitable remedies are available to [him] at all." *Clevenger v.
14 Welch Foods Inc.*, 2022 WL 18228288, at *4 (C.D. Cal. Dec. 14, 2022). Peña's failure
15 to plead facts showing that his legal remedy is inadequate precludes his equitable
16 claims.

17       Moreover, Peña does not dispute that his equitable claims are based on the same
18 factual predicate as his legal claims and thus are duplicative, not true alternative
19 theories. *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 2022 WL 522484, at
20 *72 (C.D. Cal. Feb. 9, 2022); *Rodriguez v. Just Brands USA, Inc.*, 2021 WL 1985031,
21 at *8 (C.D. Cal. May 18, 2021); *Loo v. Toyota Motor Sales, USA, Inc.*, 2019 WL
22 7753448, at *13 (C.D. Cal. Dec. 20, 2019); *Madrigal v. Hint, Inc.*, 2017 WL 6940534,
23 at *5 (C.D. Cal. Dec. 14, 2017). His equitable claims fail for this additional reason.

24 **II.    Plaintiff has not alleged a real and immediate threat of repeated injury.**

25       Peña's injunctive-relief claim fails because (1) he has not plausibly alleged that
26 he will be harmed again in the same way; and (2) the facts here are very different from
27 *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018). Peña argues that the

28

new allegations in paragraph 69 of the SAC do not mean that he has changed his mind, only that he has pleaded his intentions "more precisely." Dkt. 58 at 2 n.1. But there is nothing precise about Peña's new allegations. As stated in the motion, they are "equivocal and contradictory." Dkt. 53 at 9. Rather than plead his actual intentions, Peña's new allegations are plagued by the same ambiguity as his prior complaints. He contends that this is simply "alternative pleading," but this misunderstands the Article III standing requirement for injunctive relief.

The Supreme Court has held that the "real and immediate threat of repeated injury" necessary for injunctive relief requires "concrete plans." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) ("'[S]ome day' intentions—without any description of concrete plans … do not support a finding of the 'actual or imminent' injury that our cases require"). Peña has no concrete plans regarding the Penuma implant. The SAC alleges (all in one paragraph) that Peña *would* buy the Penuma again, *might* buy it again, *might not* buy it again, and *will not* buy it again. SAC ¶ 69. Indeed, the SAC also repeats the specific allegation that the Court found insufficient to confer standing to pursue injunctive relief: "[I]f the Penuma device and procedure were redesigned to be safe and effective for cosmetic penile enlargement, FDA-cleared for this use, and truthfully marketed, there is a *possibility* that Plaintiff and the Class members would purchase a Penuma device and procedure in the future." SAC ¶ 115 (emphasis added). These speculative allegations as to any future intentions are insufficient. *See Lujan*, 504 U.S. at 564; *Archer v. Carnival Corp.*, 2020 WL 9264981, at *7 (C.D. Cal. Sept. 22, 2020) (no concrete plans to take another cruise); *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1340-42 (E.D. Cal. 2020) ("no concrete travel plan" to return to hotel).

Peña argues that his "alternative" scenarios are permissible because this "speaks to the large number of Class members and the fact that this case remains at the pleading stage." Dkt. 58 at 3. Neither point has any merit. Peña's speculation

regarding the intentions of putative class members is irrelevant to whether *Peña* has standing. *Hodgers-Durgin,* 199 F.3d at 1045. And "[s]tanding is determined by the facts that exist at the time the complaint is filed." *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001). Thus, the plaintiff's assertions at the "pleading stage" are what matters. Peña was required to clearly allege his own intentions to establish standing. He failed to do so, and in the process has shown that he has no clear intentions.

Contrary to Peña's assertion, this case is not like *Davidson*. The Ninth Circuit found standing there because the plaintiff could not determine whether the "flushable" wipes truly were "flushable" without buying them. 889 F.3d at 971-72. Unlike *Davidson*, Peña need not purchase the Penuma implant and procedure to know whether FDA has cleared the Penuma for use in cosmetic penile augmentation. As stated in the motion, this information is publicly available and, moreover, Peña was informed during this litigation that FDA *has* cleared the Penuma for this use. Dkt. 53 at 10-11 & n.4.

Peña also cannot plausibly allege that he would buy the Penuma and procedure in the future on the belief there is no chance he will experience any complications following the procedure and he is certain to be satisfied with the results. Peña has been through the implant surgery once and is aware of the potential for complications and unsatisfactory outcomes, even if he claims (wrongly) that he was not informed of that before. *See Batista v. Irwin Naturals*, 2021 WL 6618543, at *4 (C.D. Cal. Sept. 27, 2021) ("Now that Plaintiff knows that ginkgo extract does not provide cognitive benefits, she will know that any statements advertising gingko's benefits are false. And she will know that so long as Defendant continues to advertise its product as being based on gingko extract, it will not work as advertised.").

Nor can Peña plausibly expect that Dr. Elist would "redesign" the Penuma when Peña now knows FDA has cleared the device for the type of procedure he seeks.

6
REPLY ISO MOTION TO DISMISS EQUITABLE CLAIMS IN SAC
Case No: 2:22-cv-03391-SSS (PLAx)

"[W]here a plaintiff learns information during litigation that enables h[im] to evaluate product claims and make appropriate purchasing decisions going forward, an injunction would serve no meaningful purpose as to that plaintiff." *Jackson v. Gen. Mills, Inc.*, 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020). And Peña must personally have standing to pursue injunctive relief. *Id.* at 5-6; *see Hodgers-Durgin,* 199 F.3d at 1045 ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief."); *Hoffman v. Ford Motor Co.*, 2021 WL 3265010, at *10 (C.D. Cal. Mar. 31, 2021).

Finally, it is implausible for Peña to believe that Dr. Elist would agree to sell another Penuma implant and perform the procedure on someone who is suing him and seeking to publicly harm his professional reputation. The Penuma is a medical device requiring the implanting surgeon's, *e.g.*, Dr. Elist's, consent before it may be purchased. This, too, distinguishes this case from *Davidson* and other cases that involve typical consumer products that anyone can purchase at a store (without the manufacturer's knowledge or consent). On these facts, Peña cannot plausibly show that he faces any "actual and imminent" threat of a repeated injury.

## CONCLUSION

For all the foregoing reasons and those in the motion, the Court should dismiss Count One, Count Three, and the claims for injunctive and other equitable relief under Count Two of Plaintiff's Second Amended Class Action Complaint.

Dated: March 10, 2023

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ *Amir M. Nassihi*
    Amir M. Nassihi
    Michael L. Mallow
    Jennifer M. Stevenson
    Mayela C. Montenegro-Urch

| | |
|---|---|
| 1 | Jennifer M. Stevenson (admitted *pro hac vice*) |
| 2 | jstevenson@shb.com |
| | SHOOK, HARDY & BACON L.L.P. |
| 3 | 2555 Grand Boulevard |
| | Kansas City, Missouri 64108 |
| 4 | Telephone:   (816) 474-6550 |
| | Facsimile:    (816) 421-5547 |
| 5 | |
| 6 | |
| 7 | Attorneys for Defendants |
| | INTERNATIONAL MEDICAL DEVICES, |
| 8 | INC., MENOVA INTERNATIONAL, |
| | INC., GESIVA MEDICAL, LLC, JAMES |
| 9 | J. ELIST M.D., a Medical Corporation, and |
| | DR. JAMES ELIST |

8

REPLY ISO MOTION TO DISMISS EQUITABLE CLAIMS IN SAC
Case No: 2:22-cv-03391-SSS (PLAx)

**CERTIFICATE OF COMPLIANCE PER LOCAL RULE 11-6.2**

The undersigned, counsel of record for defendants certifies that this brief contains 2,018 words, which:

  X   complies with the word limit of L.R. 11-6.1.

  ____ complies with the word limit set by court order dated _____.

Dated: March 10, 2023          /s/ Mayela C. Montenegro-Urch
                               Mayela C. Montenegro-Urch