UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PEÑA, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL MEDICAL DEVICES, INC., MENOVA INTERNATIONAL INC., GESIVA MEDICAL, LLC, JAMES J. ELIST M.D., a Medical Corporation, and Dr. James ELIST,<br><br>Defendants. | Case No. 2:22-cv-03391-SSS-PLAx<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS EQUITABLE CLAIMS IN PLAINTIFF'S SECOND AMENDED COMPLAINT [DKT. 53]** |

Before the Court is Defendants International Medical Devices, Inc., Menova International, Inc., Gesiva Medical, LLC, James J. Elist M.D., a Medical Corporation, and Dr. James Elist's (collectively, "Defendants") Motion to Dismiss Equitable Claims in the Second Amended Class Action Complaint ("SAC"). [Dkt. 53]. For the reasons below, Defendants' Motion to Dismiss is **DENIED**.

## I. BACKGROUND

This is a diversity class action regarding the advertisement of Penuma, a penile implant device and procedure. Plaintiff Edward Peña alleges that Defendants falsely advertised and misled consumers regarding the safety and efficacy of the Penuma device and procedure in violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 ("FAL"), California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").

On January 10, 2023, the Court granted in part Defendants' motion to dismiss Plaintiff's claims for equitable relief because Plaintiff failed to allege an inadequate remedy at law. [Dkt. 50 at 11]. The Court granted Plaintiff leave to amend his complaint with respect to his claims for equitable relief only. On January 20, 2023, Plaintiff filed the SAC. [Dkt. 51]. And on February 3, 2023, Defendants filed the instant motion to dismiss Plaintiff's equitable claims. [Dkt. 53].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). "It is axiomatic that the motion to dismiss . . . is viewed with disfavor and is rarely granted." *Ernst & Haas Mgmt. Co., Inc. v. Hiscox, Inc.*, 23 F.4th 1195, 1199 (9th Cir. 2022) (citation omitted).

## III. DISCUSSION

Defendants argue Peña's claims for equitable relief should be dismissed because the Plaintiff (1) lacks standing to seek injunctive relief and (2) does not plead that legal remedies are inadequate. [*See* Dkt. 53].

### A. Standing

Defendants argue that Peña lacks Article III standing to pursue injunctive relief because he has not shown that he is likely to suffer future injury. [Dkt. 53 at 15]. In order to have standing to seek injunctive relief, "threatened injury must be certainly impending to constitute injury in fact" and "allegations of possible future injury are not sufficient." *In re Coca-Cola Prod. Mktg. & Sales Pracs. Litig.* (No. II), No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).

The Ninth Circuit in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969–70 (9th Cir. 2018), set forth two examples as to how a once deceived consumer might have standing to seek injunctive relief. First, "[i]n some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and

so will not purchase the product although she would like to." *Id*. Second, in "other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id*. at 970.

Peña argues he has standing to pursue injunctive relief to prevent future harm because "Plaintiff continues to desire a safe, effective penile implant. If the Penuma device and procedure were redesigned to be safe and effective for cosmetic penile enlargement, FDA-cleared for this use, and truthfully marketed, Plaintiff *would* purchase a Penuma device and procedure in the future." [Dkt. 51 ¶ 69 (emphasis added)]. Peña also argues, in the alternative, "there is a threat that Plaintiff and the Class members will be unable to rely on Penuma's advertising or labeling in the future, and so will not purchase a Penuma device or procedure although they would like to." [*Id*.]. Defendants, however, argue that allegations of both *Davidson* examples "means [Peña] has no present intention either way." The Court disagrees.

At the pleading stage, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Thus, Peña's allegation that he and the class members *would* purchase the Penuma device and procedure in the future is sufficient to confer standing to pursue injunctive relief. *See Vizcarra v. Unilever U.S., Inc.*, 2020 WL 4016810, at *6 (N.D. Cal. July 16, 2020) (finding that the plaintiff had standing where she alleged that she would purchase an ice cream product again "if it were truly flavored as labeled and advertised").

### B. Inadequate Legal Remedies

Defendants argue Plaintiff has not pled the lack of an adequate legal remedy. "[T]he necessary prerequisite for a court to award equitable remedies

is 'the absence of an adequate remedy at law.'" *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842 (9th Cir. 2020) (quoting *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1129 (9th Cir. 2020)).

Here, Peña and class members allege they have "suffered irreparable injury" from the alleged misrepresentations and "[t]heir bodily integrity has been violated, creating a substantial risk of permanent injury." [Dkt. 51 ¶ 69]. Coupled with Plaintiff's allegations regarding the likelihood of future injury absent an injunction, Peña has sufficiently pled an inadequate remedy at law. *See Zeiger v. WellPet LLC*, 526 F.Supp.3d 652, 687 (N.D. Cal. 2021) (finding "that monetary damages for past harm are an inadequate remedy for the future harm [at which] an injunction under California consumer protection law is aimed"). Thus, Defendants' motion is **DENIED**.

**IV. CONCLUSION**

It is therefore **ORDERED** that Defendants' Motion to Dismiss [Dkt. 53] is **DENIED**. Defendant must respond to the SAC no later than May 12, 2023.

**IT IS SO ORDERED**.

Dated: April 17, 2023

_____
SUNSHINE S. SYKES
United States District Judge