delMichael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
cbc@caddellchapman.com
Amy E. Tabor (SBN 297660)
aet@caddellchapman.com
CADDELL & CHAPMAN
P.O. Box 1311
Monterey, CA 93942
Tel.: (713) 751-0400
Fax: (713) 751-0906

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PEÑA, *et al.*, *individually and on behalf of persons similarly situated,* | Case No. 2:22-cv-03391-SSS (RAOx) |
| *Plaintiffs,* | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| *v.* | |
| INTERNATIONAL MEDICAL DEVICES, INC., MENOVA INTERNATIONAL, INC., GESIVA MEDICAL, LLC, JAMES J. ELIST, M.D., A MEDICAL CORPORATION, AND DR. JAMES ELIST, | Ctrm: 590<br>Judge: Hon. Rozella A. Oliver |
| *Defendants* | |

## 1. A.   PURPOSES AND LIMITATIONS.

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 8.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B. GOOD CAUSE STATEMENT.

This action is likely to involve private medical information, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, the names of absent class members who underwent genital enlargement surgery, confidential business or financial information, information regarding confidential business practices, confidential research, development, and commercial information involving the design and development of the medical device at issue and including information implicating privacy rights of third parties, information otherwise generally unavailable to the public, and information that may be privileged or otherwise protected from disclosure under state or federal statutes,

court rules, case decisions, or common law. Significant harm will result to the parties and nonparties if these specific categories of documents and related testimony are not protected from public disclosure.  Specifically, the parties or nonparties may suffer loss of stature and business advantage in their competitive industries if procedures and policies that are currently protected as proprietary information and/or trade secrets become available to the public forum.  Some of the parties involved are private companies and their financials are not currently known or otherwise accessible by their respective competitors or the public.  Protection of these procedures, policies, and financial information is necessary to ensure that such trade information and financials do not lose the confidentiality and protection they currently maintain: research developments, product iterations and changes, and commercial information later subject to reduction to patent.  The parties each rely on such sensitive information to remain competitive with regard to their respective businesses and will be prejudiced if their sensitive internal information is disclosed to the public, including competitors. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1   <u>Action</u>: this pending federal law suit.

2.2 <u>Challenging Party:</u> a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items:</u> information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Counsel:</u> Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party:</u> a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel:</u> attorneys who are employees of a party to this Action or outside counsel other than Outside Counsel of Record retained by a party to this action to provide on-demand in-house counsel services. House Counsel does not include any other outside counsel.

2.9 <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record:</u> attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have

appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all

1    members of the public, including the press, unless compelling reasons supported by

2    specific factual findings to proceed otherwise are made to the trial judge in advance

3    of the trial. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180-81

4    (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents

5    produced in discovery from "compelling reasons" standard when merits-related

6    documents are part of court record). Accordingly, the terms of this protective order

7    do not extend beyond the commencement of the trial.

8    **5.   DESIGNATING PROTECTED MATERIAL**

9    5.1    Exercise of Restraint and Care in Designating Material for Protection.

10   Each Party or Non-Party that designates information or items for protection under

11   this Order must take care to limit any such designation to specific material that

12   qualifies under the appropriate standards.

13   Mass, indiscriminate, or routinized designations are prohibited. Designations

14   that are shown to be clearly unjustified or that have been made for an improper

15   purpose (e.g., to unnecessarily encumber the case development process or to impose

16   unnecessary expenses and burdens on other parties) may expose the Designating

17   Party to sanctions.

18   If it comes to a Designating Party's attention that information or items that it

19   designated for protection do not qualify for protection, that Designating Party must

20   promptly notify all other Parties that it is withdrawing the inapplicable designation.

21   5.2    Manner and Timing of Designations. Except as otherwise provided in

22   this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material

23   that qualifies for protection under this Order must be clearly so designated before

24   the material is disclosed or produced.

25   Designation in conformity with this Order requires:

26   (a) for information in documentary form (e.g., paper or electronic documents,

27   but excluding transcripts of depositions or other pretrial or trial proceedings), that

the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to the protected document or material.

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY**

6.1.    If the Disclosing Party believes in good faith that particular CONFIDENTIAL INFORMATION involves a trade secret, the disclosure of which would cause irreparable harm to its business, the disclosing party may use the designation: "CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY," or the equivalent. The term "CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY" is used hereinafter to refer to

CONFIDENTIAL INFORMATION that has been so designated pursuant to this Protective Order.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2    <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et seq. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

7.3    <u>Burden.</u> The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8. ACCESS TO AND USE OF PROTECTED MATERIALS

8.1    <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

1   Protected Material must be stored and maintained by a Receiving Party at a

2   location and in a secure manner that ensures that access is limited to the persons

3   authorized under this Order.

4   8.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless

5   otherwise ordered by the Court or permitted in writing by the Designating Party, a

6   Receiving Party may disclose any information or item designated

7   "CONFIDENTIAL" only to:

8   (a) the Receiving Party's Outside Counsel of Record in this Action, as well as

9   employees of said Outside Counsel of Record to whom it is reasonably necessary to

10   disclose the information for this Action;

11   (b) the officers, directors, and employees (including House Counsel) of the

12   Receiving Party to whom disclosure is reasonably necessary for this Action;

13   (c) Experts (as defined in this Order) of the Receiving Party to whom

14   disclosure is reasonably necessary for this Action and who have signed the

15   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16   (d) the Court and its personnel;

17   (e) court reporters and their staff;

18   (f) professional jury or trial consultants, mock jurors, and Professional

19   Vendors to whom disclosure is reasonably necessary for this Action and who have

20   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21   (g) the author or recipient of a document containing the information or a

22   custodian or other person who otherwise possessed or knew the information;

23   (h) during their depositions, witnesses, and attorneys for witnesses, in the

24   Action to whom disclosure is reasonably necessary provided: (1) the deposing party

25   requests that the witness sign the form attached as Exhibit A hereto; and (2) they

26   will not be permitted to keep any confidential information unless they sign the

27   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

28

agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3 Disclosure of "CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY" Information or Items.  Except upon further Order of the Court, or by express written consent of counsel for the disclosing party, disclosure of documents, things and testimony designated CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY, and any information contained therein, shall be restricted by the receiving party solely to:

(a)   the Court and its personnel;

(b)   counsel of record, including employees of counsel of record (such as paralegals, clerks, secretaries, associates, and partners) actively engaged in this litigation;

(c) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)   experts (as defined in this Order) retained by the Parties for the purposes of this litigation, either personal or corporate (and the professional secretarial and clerical staff of such entities) and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)   court reporters and their staff;

(f) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the

"Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officer, and their supporting personnel in the context of confidential settlement discussions.

8.4   <u>Filing of Confidential Information.</u>  Any Party reasonably and in good faith wishing to file "CONFIDENTIAL" Information shall follow the procedure set forth in Local Rule 79-5 for filing under seal.

8.5   <u>Permissible Redactions.</u>  In order to protect against unauthorized disclosure of "CONFIDENTIAL" Information, the Designating Party may redact portions of a document, but only to the extent reasonably necessary to prevent disclosure of the following categories of "CONFIDENTIAL" Information: (i) names and information that would identify clinical trial subjects or patients referred to in adverse reaction reports, product experience reports, and consumer complaints, except for patient identifiers (e.g., randomly assigned numeric or alphanumeric identifiers) that do not reveal the patient's identity, date of birth, address or other personal identifying information; (ii) home addresses of individuals; (iii) DEA numbers of medical doctors; (iv) personal medical or family information, financial account numbers, or social security numbers not the focus of the request, which is necessary to be protected to prevent undue annoyance, embarrassment, or oppression; (v) highly confidential information identifying proprietary aspects of the design and manufacturing process that the Designating Party reasonably believes in good faith is non-relevant and would, if disclosed, cause economic harm to the competitive

position of the Designating Party; (vi) commercially sensitive information reflecting pricing or costs in commercial contracts that a Designating Party reasonably believes in good faith is non-relevant and would, if disclosed, cause economic harm to the competitive position of the Designating Party; and (vii) identifying information about products and compounds that are not the subject of this Litigation and that a Designating Party reasonably believes in good faith is non-relevant.  A Designating Party shall, within forty-two (42) days of said production, provide a redaction log for "CONFIDENTIAL" Information that will identify by Bates number the "CONFIDENTIAL" Information that has been redacted from the identified document and state the above-listed basis for redaction with sufficient particularity to allow the Receiving Party to assess the type of information redacted and the reason for it and to challenge the redaction.

8.6   <u>Privilege Logs.</u>   The Parties shall comply with the Federal Rules of Civil Procedure (unless otherwise ordered by the Court) with regard to the production of privilege logs as set forth more fully below.

The Party claiming a privilege shall produce a privilege log to the Receiving Party.  The privilege log shall list the privilege or privileges asserted with respect to each withheld document and describe the document with sufficient particularity to allow the Receiving Party to assess the claim of privilege but without revealing privileged information.  The privilege log shall also include the date the document was prepared, the person or persons who prepared the document, and the person or persons to whom the document was addressed, directly and by carbon copy or blind copy.  To the extent a Producing Party seeks to use categorical logs in lieu of providing the information above, the Producing Party shall initiate a meet and confer with the Requesting Party.

The Party may seek the Court's assistance through *in camera* review in assessing claims of privilege.

(a)   <u>Materials Not Required to be Logged.</u>   No privilege log entries shall be required as to the following categories of materials and any applicable privilege or protection shall be preserved even if such materials are not listed on a Producing Party's log:

i.   Privileged communications exclusively between a defendant and its Counsel after May 19, 2022 (the date this action was filed);

ii.   Privileged communications exclusively between a plaintiff and his Counsel on or after the date that plaintiff retained counsel;

iii.   Work product created by Counsel representing any Party in this Litigation;

iv.   Communications between a Party's counsel and that Party's consulting expert(s);

v.   Internal communications within a law firm; and

vi.   Privilege redactions made on the face of produced documents, provided that the unredacted portion provides information sufficient to allow the Receiving Party to assess the claim of privilege.

(b)   <u>Logging Email Threads.</u> For purposes of creation of a privilege log, a Party need include only one entry on the log to identify withheld privileged emails that constitute an uninterrupted dialogue between or among individuals; provided, however, that disclosure must be made that the emails are part of an uninterrupted privileged dialogue. Moreover, the beginning and ending dates and times (as noted on the emails) of the dialogue and the number of emails within the dialogue must be disclosed, in addition to other requisite privilege log disclosure referenced above, including the names of all of the recipients of the communications.

(c)   <u>Time for Serving Privilege Log.</u>   A privilege log shall be served by any Party withholding responsive documents on the basis of privilege or work product

1  protection on a rolling basis within forty-nine (49) days after the production from
2  which it is withheld.

3  8.7   <u>Challenging Redactions and Privilege.</u>  If the Requesting Party has a good-
4  faith basis for challenging the redaction or privilege designation, counsel for the
5  Parties shall initially attempt to resolve the issue through discussions.   The
6  Challenging Party must give the Designating Party an opportunity to review the
7  withheld or redacted material and meet and confer.  Absent good cause, no more
8  than fifty (50) documents shall be challenged at a time, and only one challenge may
9  be sent within a seven (7) day period, which shall concisely explain in writing the
10 basis of the challenge(s).  The withholding Party shall within thirty (30) days of
11 receiving such written notice of the challenge either explain in writing the basis of
12 the withholding or redaction or produce or unredact the document.  This period and
13 number and timing of documents challenged may be modified by agreement of the
14 Parties.  If these discussions prove unsuccessful, counsel may move for a ruling
15 pursuant to the process set forth in Local Rule 37, which may require this Court's *in*
16 *camera* inspection of a document, on the issue of whether certain information is
17 entitled to redaction or privilege.  The party asserting privilege or confidentiality
18 shall have the burden of proof on such motion to establish the propriety of its
19 privilege designation or redaction.

20 The fact that a Party produces a document with or without redactions shall not
21 constitute an admission or concession that all portions of the document are or are not
22 relevant to claims or defenses in the Litigation.

23 **9.  PROTECTED MATERIAL SUBPOENAED OR ORDERED**
24 **PRODUCED IN OTHER LITIGATION**

25 If a Party is served with a subpoena or a court order issued in other litigation
26 that compels disclosure of any information or items designated in this Action as
27 "CONFIDENTIAL," that Party must:

28

1  (a) promptly notify in writing the Designating Party. Such notification shall
2  include a copy of the subpoena or court order;

3  (b) promptly notify in writing the party who caused the subpoena or order to
4  issue in the other litigation that some or all of the material covered by the subpoena
5  or order is subject to this Protective Order. Such notification shall include a copy of
6  this Stipulated Protective Order; and

7  (c) cooperate with respect to all reasonable procedures sought to be pursued
8  by the Designating Party whose Protected Material may be affected.

9  If the Designating Party timely seeks a protective order, the Party served with
10  the subpoena or court order shall not produce any information designated in this
11  action as "CONFIDENTIAL" before a determination by the court from which the
12  subpoena or order issued, unless the Party has obtained the Designating Party's
13  permission. The Designating Party shall bear the burden and expense of seeking
14  protection in that court of its confidential material and nothing in these provisions
15  should be construed as authorizing or encouraging a Receiving Party in this Action
16  to disobey a lawful directive from another court.

17  **10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
18  **PRODUCED IN THIS LITIGATION**

19  (a) The terms of this Order are applicable to information produced by a Non-
20  Party in this Action and designated as "CONFIDENTIAL." Such information
21  produced by Non-Parties in connection with this litigation is protected by the
22  remedies and relief provided by this Order.

23  Nothing in these provisions should be construed as prohibiting a Non-Party
24  from seeking additional protections.

25  (b) In the event that a Party is required, by a valid discovery request, to
26  produce a Non-Party's confidential information in its possession, and the Party is

27
28

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## 13. MISCELLANEOUS

13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 14. FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 2.1, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

//
//
//
//
//
//
//
//

**15. VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  August 3, 2023

 /s/ Michael A. Caddell
Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
cbc@caddellchapman.com
Amy E. Tabor (SBN 297660)
aet@caddellchapman.com
CADDELL & CHAPMAN
P.O. Box 1311
Monterey, CA 93942
Tel.: (713) 751-0400
Fax: (713) 751-0906

Attorneys for Plaintiffs


DATED: August 3, 2023

 /s/  Amir Nassihi (by permission)
Amir M. Nassihi (SBN: 235936)
anassihi@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street Suite 2300
San Francisco, California 94105
Telephone:  (415) 544-1900
Facsimile:   (415) 391-0281

1  Michael L. Mallow (SBN: 188745)
   mmallow@shb.com
2  Mayela C. Montenegro-Urch (SBN: 304471)
   mmontenegro@shb.com
3  SHOOK, HARDY & BACON L.L.P.
   2049 Century Park East, Suite 3000
4  Los Angeles, California 90067
   Telephone:  (424) 285-8330
5  Facsimile:  (424) 204-9093

6  Jennifer M. Stevenson (admitted *pro hac vice*)
   jstevenson@shb.com
7  SHOOK, HARDY & BACON L.L.P.
   2555 Grand Boulevard
8  Kansas City, Missouri 64108
   Telephone:  (816) 474-6550
9  Facsimile:  (816) 421-5547

10
   Attorneys for Defendants
11 INTERNATIONAL MEDICAL DEVICES, INC., MENOVA INTERNATIONAL,
   INC., GESIVA MEDICAL, LLC, JAMES J. ELIST M.D., a Medical Corporation,
12 and DR. JAMES ELIST

13

14
   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.
15

16
   DATED: August 4, 2023
17

18  *Rozella A. Oliver*

19  _____

20  Honorable Rozella A. Oliver

    United States Magistrate Judge
21

22

23

24

25

26

27

28

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Edward Peña v. International Medical Devices, Inc., et al.* (Case No. 2:22-cv-03391 SSS (PLAx)).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint

_____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____