Amir M. Nassihi (SBN: 235936)
anassihi@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street Suite 2300
San Francisco, California 94105
Telephone: (415) 544-1900
Facsimile: (415) 391-0281

Michael L. Mallow (SBN: 188745)
mmallow@shb.com
Mayela C. Montenegro-Urch (SBN: 304471)
mmontenegro@shb.com
SHOOK, HARDY & BACON L.L.P.
2049 Century Park East, Suite 3000
Los Angeles, California 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| EDWARD PEÑA and BRANDON MILLER, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL MEDICAL DEVICES, INC., MENOVA INTERNATIONAL, INC., GESIVA MEDICAL, LLC, JAMES J. ELIST M. D., a Medical Corporation, and Dr. James ELIST<br><br>Defendants. | Case No. 2:22-cv-03391-SSS (RAOx)<br><br>Judge: Hon. Sunshine S. Sykes<br><br>**DECLARATION OF AMIR. M. NASSIHI IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>[Filed concurrently with Notice of Motion to Compel Arbitration; Memorandum of Points and Authorities; and [Proposed] Order] |

I, Amir M. Nassihi declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and a partner at the law firm of Shook, Hardy & Bacon, L.L.P., counsel for Defendants International Medical Devices, Inc., Menova International, Inc., Gesiva Medical, LLC, James J. Elist M.D., a Medical Corporation, and Dr. James Elist (collectively, "Defendants"). Unless stated otherwise, the statements in this declaration are made on the basis of my own personal knowledge and I could and would competently testify thereto if called upon to do so.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the July 27, 2023 Demand for Arbitration sent to Mr. Edward Peña and Mr. Brandon Miller through their counsel.

3. Pursuant to C.D. Cal. Rule 7-3, I conferred with Plaintiff's counsel about the filing of this motion on July 26, 2023, but we were unable to resolve the underlying controversy.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 4th day of August, 2023, in San Francisco, California.

/s/ *Amir M. Nassihi*
Amir M. Nassihi

# Exhibit 1

Exhibit 1
001



July 27, 2023

**VIA E-Mail**

Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
cbc@caddellchapman.com
Amy E. Tabor (SBN 297660)
aet@caddellchapman.com
CADDELL & CHAPMAN
628 East 9th Street
Houston, TX 77007-1722

Amir M. Nassihi

555 Mission Street Suite 2300
San Francisco, California 94105
**t** 415.544.1900
**d** 415.544.1949
**f** 415.391.0281
anassihi@shb.com

Re: *Peña v. Internal Medical Devices, Inc.*, No. 2:22-cv-03391-SSS (PLAx) – Demand for Arbitration

Dear Mr. Caldwell, Ms. Chapman, and Ms. Tabor,

Enclosed are the Physician-Patient Arbitration Agreements duly executed by your clients Mr. Edward Peña and Mr. Brandon Miller in connection with their Penuma procedures. This letter serves as notice that Defendants James J. Elist M.D., A Medical Corporation, Dr. James Elist, International Medical Devices, Inc., Menova International, Inc., and Gesiva Medical, LLC ("Defendants") hereby demand that your clients comply with the Physician-Patient Arbitration Agreements and agree to arbitrate all individual claims asserted in the above-captioned case.

The Physician-Patient Arbitration Agreements signed by Mr. Peña and Mr. Miller provide in pertinent part:

> ARTICLE 1: **Agreement to Arbitrate.** It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law

Exhibit 1

002

**SHOOK**
HARDY & BACON

July 27, 2023
Page 2

provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional rights to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration.

ARTICLE 2: **All Claims Must be Arbitrated:** It is the intention of the parties that this agreement bind all parties whose claims may arise out of or relate to treatment or service provided by the physician including any spouse or heirs of the patient and any children . . . . All claims for monetary damages exceeding the jurisdictional limit of the small claims court against the physician, and the physician's partners, associates, association, corporation or partnership, and the employees, agents and estates of any of them, must be arbitrated including, without limitation, claims for loss of consortium, wrongful death, emotional distress or punitive damages. Filing of any action in any court by the physician to collect any fee from the patient shall not waive the right to compel arbitration of any malpractice claim.

Further, this Agreement provides as follows: **"NOTICE: BY SIGNING THIS CONTRACT YOU ARE AGREEING TO HAVE ANY ISSUE OF MEDICAL MALPRACTICE DECIDED BY NEUTRAL ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL. SEE ARTICLE 1 OF THIS CONTRACT."**

Please confirm by August 1, 2023, if your clients will comply with the Physician-Patient Arbitration Agreements to arbitrate all individual claims and proceed by way of stipulation and proposed order.

Best regards,

*[signature]*

Amir Nassihi

ATLANTA | BOSTON | CHICAGO | DENVER | HARTFORD | HOUSTON | KANSAS CITY | LONDON | LOS ANGELES | MIAMI | NEW YORK |
ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | ST. LOUIS | TAMPA| WASHINGTON, D.C.

Exhibit 1
003

## PHYSICIAN-PATIENT ARBITRATION AGREEMENT

**Article 1: Agreement to Arbitrate:** It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently, or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional right to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration.

**Article 2: All Claims Must be Arbitrated:** It is the intention of the parties that this agreement bind all parties whose claims may arise out of or relate to treatment or service provided by the physician including any spouse or heirs of the patient and any children, whether born or unborn, at the time of the occurrence giving rise to any claim. In the case of any pregnant mother, the term "patient" herein shall mean both the mother and the mother's expected child or children.

All claims for monetary damages exceeding the jurisdictional limit of the small claims court against the physician, and the physician's partners, associates, association, corporation or partnership, and the employees, agents and estates of any of them, must be arbitrated including, without limitation, claims for loss of consortium, wrongful death, emotional distress or punitive damages. Filing of any action in any court by the physician or patient to collect or contest any medical fee shall not waive the right to compel arbitration of any malpractice claim. However, following the assertion of any malpractice claim, any fee dispute, whether or not the subject of any existing court action, shall also be resolved by arbitration.

**Article 3: Procedures and Applicable Law:** A demand for arbitration must be communicated in writing to all parties. Each party shall select an arbitrator (party arbitrator) within thirty days and a third arbitrator (neutral arbitrator) shall be selected by the arbitrators appointed by the parties within thirty days of a demand for a neutral arbitrator by either party. Each party to the arbitration shall pay such party's pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees, or other expenses incurred by a party for such party's own benefit. The parties agree that the arbitrators have the immunity of a judicial officer from civil liability when acting in the capacity of arbitrator under this contract. This immunity shall supplement, not supplant, any other applicable statutory or common law.

Either party shall have the absolute right to arbitrate separately the issues of liability and damages upon written request to the neutral arbitrator.

The parties consent to the intervention and joinder in this arbitration of any person or entity which would otherwise be a proper additional party in a court action, and upon such intervention and joinder any existing court action against such additional person or entity shall be stayed pending arbitration.

The parties agree that provisions of California law applicable to health care providers shall apply to disputes within this arbitration agreement, including, but not limited to, Code of Civil Procedure Sections 340.5 and 667.7 and Civil Code Sections 3333.1 and 3333.2. Any party may bring before the arbitrators a motion for summary judgment or summary adjudication in accordance with the Code of Civil Procedure. Discovery shall be conducted pursuant to Code of Civil Procedure section 1283.05; however, depositions may be taken without prior approval of the neutral arbitrator.

**Article 4: General Provisions:** All claims based upon the same incident, transaction or related circumstances shall be arbitrated in one proceeding. A claim shall be waived and forever barred if (1) on the date notice thereof is received, the claim, if asserted in a civil action, would be barred by the applicable California statute of limitations, or (2) the claimant fails to pursue the arbitration claim in accordance with the procedures prescribed herein with reasonable diligence. With respect to any matter not herein expressly provided for, the arbitrators shall be governed by the California Code of Civil Procedure provisions relating to arbitration.

**Article 5: Revocation:** This agreement may be revoked by written notice delivered to the physician within 30 days of signature. It is the intent of this agreement to apply to all medical services rendered any time for any condition.

**Article 6: Retroactive Effect:** If patient intends this agreement to cover services rendered before the date it is signed (including, but not limited to, emergency treatment) patient should initial below:                                 _EAP_

Effective as of the date of first medical services

                                                                                                    Patient's or Patient Representative's Initials

If any provision of this arbitration agreement is held invalid or unenforceable, the remaining provisions shall remain in full force and shall not be affected by the invalidity of any other provision.

I understand that I have the right to receive a copy of this arbitration agreement. By my signature below, I acknowledge that I have received a copy.

**NOTICE: BY SIGNING THIS CONTRACT YOU ARE AGREEING TO HAVE ANY ISSUE OF MEDICAL MALPRACTICE DECIDED BY NEUTRAL ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL. SEE ARTICLE 1 OF THIS CONTRACT.**

By: _[signature]_   10/2/20       By: _EA_   10/2/20
Physician's or Authorized Representative's Signature   (Date)       Patient's or Patient Representative's Signature   (Date)

BHSPSC                                                   By: _Edward A. Pina_
Print or Stamp Name of Physician, Medical Group, or       Print Patient's Name
Association Name

                                                         (If Representative, Print Name and Relationship to Patient)

A signed copy of this document is to be given to the Patient. Original is to be filed in Patient's medical records.
(9-13)

Exhibit 1
004

# PHYSICIAN-PATIENT ARBITRATION AGREEMENT

**Article 1: Agreement to Arbitrate:** It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently, or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional right to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration.

**Article 2: All Claims Must be Arbitrated:** It is the intention of the parties that this agreement bind all parties whose claims may arise out of or relate to treatment or service provided by the physician including any spouse or heirs of the patient and any children, whether born or unborn, at the time of the occurrence giving rise to any claim. In the case of any pregnant mother, the term "patient" herein shall mean both the mother and the mother's expected child or children. All claims for monetary damages exceeding the jurisdictional limit of the small claims court against the physician, and the physician's partners, associates, association, corporation or partnership, and the employees, agents and estates of any of them, must be arbitrated including, without limitation, claims for loss of consortium, wrongful death, emotional distress or punitive damages. Filing of any action in any court by the physician or patient to collect or contest any medical fee shall not waive the right to compel arbitration of any malpractice claim. However, following the assertion of any malpractice claim, any fee dispute, whether or not the subject of any existing court action, shall also be resolved by arbitration.

**Article 3: Procedures and Applicable Law:** A demand for arbitration must be communicated in writing to all parties. Each party shall select an arbitrator (party arbitrator) within thirty days and a third arbitrator (neutral arbitrator) shall be selected by the arbitrators appointed by the parties within thirty days of a demand for a neutral arbitrator by either party. Each party to the arbitration shall pay such party's pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees, or other expenses incurred by a party for such party's own benefit. The parties agree that the arbitrators have the immunity of a judicial officer from civil liability when acting in the capacity of arbitrator under this contract. This immunity shall supplement, not supplant, any other applicable statutory or common law.

Either party shall have the absolute right to arbitrate separately the issues of liability and damages upon written request to the neutral arbitrator.

The parties consent to the intervention and joinder in this arbitration of any person or entity which would otherwise be a proper additional party in a court action, and upon such intervention and joinder any existing court action against such additional person or entity shall be stayed pending arbitration.

The parties agree that provisions of California law applicable to health care providers shall apply to disputes within this arbitration agreement including, but not limited to, Code of Civil Procedure Sections 340.5 and 667.7 and Civil Code Sections 3333.1 and 3333.2. Any party may bring before the arbitrators a motion for summary judgment or summary adjudication in accordance with the Code of Civil Procedure. Discovery shall be conducted pursuant to Code of Civil Procedure section 1283.05; however, depositions may be taken without prior approval of the neutral arbitrator.

**Article 4: General Provisions:** All claims based upon the same incident, transaction or related circumstances shall be arbitrated in one proceeding. A claim shall be waived and forever barred if (1) on the date notice thereof is received, the claim, if asserted in a civil action, would be barred by the applicable California statute of limitations, or (2) the claimant fails to pursue the arbitration claim in accordance with the procedures prescribed herein with reasonable diligence. With respect to any matter not herein expressly provided for, the arbitrators shall be governed by the California Code of Civil Procedure provisions relating to arbitration.

**Article 5: Revocation:** This agreement may be revoked by written notice delivered to the physician within 30 days of signature. It is the intent of this agreement to apply to all medical services rendered any time for any condition.

**Article 6: Retroactive Effect:** If patient intends this agreement to cover services rendered before the date it is signed (including, but not limited to, emergency treatment) patient should initial below:

Effective as of the date of first medical services _____

Patient's or Patient Representative's Initials

If any provision of this arbitration agreement is held invalid or unenforceable, the remaining provisions shall remain in full force and shall not be affected by the invalidity of any other provision.

I understand that I have the right to receive a copy of this arbitration agreement. By my signature below, I acknowledge that I have received a copy.

**NOTICE: BY SIGNING THIS CONTRACT YOU ARE AGREEING TO HAVE ANY ISSUE OF MEDICAL MALPRACTICE DECIDED BY NEUTRAL ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL. SEE ARTICLE 1 OF THIS CONTRACT.**

By: _____  11/1/19   By: _____  11/1/19
Physician's or Authorized Representative's Signature  (Date)        Patient's or Patient Representative's Signature   (Date)

R h PSe                                             By: Brandon Miller
Print or Stamp Name of Physician, Medical Group, or      Print Patient's Name
Association Name

(If Representative, Print Name and Relationship to Patient)

A signed copy of this document is to be given to the Patient. Original is to be filed in Patient's medical records.
(9-13)

Exhibit 1
005

## PHYSICIAN-PATIENT ARBITRATION AGREEMENT

**Article 1: Agreement to Arbitrate:** It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently, or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional right to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration.

**Article 2: All Claims Must be Arbitrated:** It is the intention of the parties that this agreement bind all parties whose claims may arise out of or relate to treatment or service provided by the physician including any spouse or heirs of the patient and any children, whether born or unborn, at the time of the occurrence giving rise to any claim. In the case of any pregnant mother, the term "patient" herein shall mean both the mother and the mother's expected child or children.

All claims for monetary damages exceeding the jurisdictional limit of the small claims court against the physician, and the physician's partners, associates, association, corporation or partnership, and the employees, agents and estates of any of them, must be arbitrated including, without limitation, claims for loss of consortium, wrongful death, emotional distress or punitive damages. Filing of any action in any court by the physician or patient to collect or contest any medical fee shall not waive the right to compel arbitration of any malpractice claim. However, following the assertion of any malpractice claim, any fee dispute, whether or not the subject of any existing court action, shall also be resolved by arbitration.

**Article 3: Procedures and Applicable Law:** A demand for arbitration must be communicated in writing to all parties. Each party shall select an arbitrator (party arbitrator) within thirty days and a third arbitrator (neutral arbitrator) shall be selected by the arbitrators appointed by the parties within thirty days of a demand for a neutral arbitrator by either party. Each party to the arbitration shall pay such party's pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees, or other expenses incurred by a party for such party's own benefit. The parties agree that the arbitrators have the immunity of a judicial officer from civil liability when acting in the capacity of arbitrator under this contract. This immunity shall supplement, not supplant, any other applicable statutory or common law.

Either party shall have the absolute right to arbitrate separately the issues of liability and damages upon written request to the neutral arbitrator.

The parties consent to the intervention and joinder in this arbitration of any person or entity which would otherwise be a proper additional party in a court action, and upon such intervention and joinder any existing court action against such additional person or entity shall be stayed pending arbitration.

The parties agree that provisions of California law applicable to health care providers shall apply to disputes within this arbitration agreement, including, but not limited to, Code of Civil Procedure Sections 340.5 and 667.7 and Civil Code Sections 3333.1 and 3333.2. Any party may bring before the arbitrators a motion for summary judgment or summary adjudication in accordance with the Code of Civil Procedure. Discovery shall be conducted pursuant to Code of Civil Procedure section 1283.05; however, depositions may be taken without prior approval of the neutral arbitrator.

**Article 4: General Provisions:** All claims based upon the same incident, transaction or related circumstances shall be arbitrated in one proceeding. A claim shall be waived and forever barred if (1) on the date notice thereof is received, the claim, if asserted in a civil action, would be barred by the applicable California statute of limitations, or (2) the claimant fails to pursue the arbitration claim in accordance with the procedures prescribed herein with reasonable diligence. With respect to any matter not herein expressly provided for, the arbitrators shall be governed by the California Code of Civil Procedure provisions relating to arbitration.

**Article 5: Revocation:** This agreement may be revoked by written notice delivered to the physician within 30 days of signature. It is the intent of this agreement to apply to all medical services rendered any time for any condition.

**Article 6: Retroactive Effect:** If patient intends this agreement to cover services rendered before the date it is signed (including, but not limited to, emergency treatment) patient should initial below:

Effective as of the date of first medical services _____

Patient's or Patient Representative's Initials

If any provision of this arbitration agreement is held invalid or unenforceable, the remaining provisions shall remain in full force and shall not be affected by the invalidity of any other provision.

I understand that I have the right to receive a copy of this arbitration agreement. By my signature below, I acknowledge that I have received a copy.

**NOTICE: BY SIGNING THIS CONTRACT YOU ARE AGREEING TO HAVE ANY ISSUE OF MEDICAL MALPRACTICE DECIDED BY NEUTRAL ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL. SEE ARTICLE 1 OF THIS CONTRACT.**

By: _____ 11/9/20   By: _____ 1-9-20
Physician's or Authorized Representative's Signature  (Date)       Patient's or Patient Representative's Signature  (Date)

BHPSC                                          By: Brandon Mills
Print or Stamp Name of Physician, Medical Group, or            Print Patient's Name
Association Name

_____
(If Representative, Print Name and Relationship to Patient)

A signed copy of this document is to be given to the Patient. Original is to be filed in Patient's medical records.
(9-13)

Exhibit 1
006

## PHYSICIAN-PATIENT ARBITRATION AGREEMENT

**Article 1: Agreement to Arbitrate:** It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently, or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional right to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration.

**Article 2: All Claims Must be Arbitrated:** It is the intention of the parties that this agreement bind all parties whose claims may arise out of or relate to treatment or service provided by the physician including any spouse or heirs of the patient and any children, whether born or unborn, at the time of the occurrence giving rise to any claim. In the case of any pregnant mother, the term "patient" herein shall mean both the mother and the mother's expected child or children.

All claims for monetary damages exceeding the jurisdictional limit of the small claims court against the physician, and the physician's partners, associates, association, corporation or partnership, and the employees, agents and estates of any of them, must be arbitrated including, without limitation, claims for loss of consortium, wrongful death, emotional distress or punitive damages. Filing of any action in any court by the physician or patient to collect or contest any medical fee shall not waive the right to compel arbitration of any malpractice claim. However, following the assertion of any malpractice claim, any fee dispute, whether or not the subject of any existing court action, shall also be resolved by arbitration.

**Article 3: Procedures and Applicable Law:** A demand for arbitration must be communicated in writing to all parties. Each party shall select an arbitrator (party arbitrator) within thirty days and a third arbitrator (neutral arbitrator) shall be selected by the arbitrators appointed by the parties within thirty days of a demand for a neutral arbitrator by either party. Each party to the arbitration shall pay such party's pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees, or other expenses incurred by a party for such party's own benefit. The parties agree that the arbitrators have the immunity of a judicial officer from civil liability when acting in the capacity of arbitrator under this contract. This immunity shall supplement, not supplant, any other applicable statutory or common law.

Either party shall have the absolute right to arbitrate separately the issues of liability and damages upon written request to the neutral arbitrator.

The parties consent to the intervention and joinder in this arbitration of any person or entity which would otherwise be a proper additional party in a court action, and upon such intervention and joinder any existing court action against such additional person or entity shall be stayed pending arbitration.

The parties agree that provisions of California law applicable to health care providers shall apply to disputes within this arbitration agreement, including, but not limited to, Code of Civil Procedure Sections 340.5 and 667.7 and Civil Code Sections 3333.1 and 3333.2. Any party may bring before the arbitrators a motion for summary judgment or summary adjudication in accordance with the Code of Civil Procedure. Discovery shall be conducted pursuant to Code of Civil Procedure section 1283.05; however, depositions may be taken without prior approval of the neutral arbitrator.

**Article 4: General Provisions:** All claims based upon the same incident, transaction or related circumstances shall be arbitrated in one proceeding. A claim shall be waived and forever barred if (1) on the date notice thereof is received, the claim, if asserted in a civil action, would be barred by the applicable California statute of limitations, or (2) the claimant fails to pursue the arbitration claim in accordance with the procedures prescribed herein with reasonable diligence. With respect to any matter not herein expressly provided for, the arbitrators shall be governed by the California Code of Civil Procedure provisions relating to arbitration.

**Article 5: Revocation:** This agreement may be revoked by written notice delivered to the physician within 30 days of signature. It is the intent of this agreement to apply to all medical services rendered any time for any condition.

**Article 6: Retroactive Effect:** If patient intends this agreement to cover services rendered before the date it is signed (including, but not limited to, emergency treatment) patient should initial below:

Effective as of the date of first medical services     _BW_
                                                    Patient's or Patient Representative's Initials

If any provision of this arbitration agreement is held invalid or unenforceable, the remaining provisions shall remain in full force and shall not be affected by the invalidity of any other provision.

I understand that I have the right to receive a copy of this arbitration agreement. By my signature below, I acknowledge that I have received a copy.

**NOTICE: BY SIGNING THIS CONTRACT YOU ARE AGREEING TO HAVE ANY ISSUE OF MEDICAL MALPRACTICE DECIDED BY NEUTRAL ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL. SEE ARTICLE 1 OF THIS CONTRACT.**

By: _Stephen Aun_  3/5/21    By: _[signature]_  3-5-21
Physician's or Authorized Representative's Signature  (Date)    Patient's or Patient Representative's Signature  (Date)

_BhPremium Sxcenter_     By: _Brandon Miller_
Print or Stamp Name of Physician, Medical Group, or Association Name    Print Patient's Name

                                                    (If Representative, Print Name and Relationship to Patient)

A signed copy of this document is to be given to the Patient. Original is to be filed in Patient's medical records.
10.121

Exhibit 1
007

## PROOF OF SERVICE

I am over the age of 18 years and not a party to the within action. I am employed in the County of Orange, State of California. My business address is Jamboree Center, 5 Park Plaza, Suite 1600, Irvine, California 92614. On the date shown below, I served the following documents:

**DECLARATION OF AMIR M. NASSIHI IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

on the interested parties named herein and in the manner indicated below:

> Michael A. Caddell
> mac@caddellchapman.com
> Cynthia B. Chapman
> cbc@caddellchapman.com
> Amy E. Tabor
> aet@caddellchapman.com
> CADDELL & CHAPMAN
> P.O. Box 1311
> Monterey CA 93942
> Tel.: (713) 751-0400
> Fax: (713) 751-0906
> Attorneys for Plaintiffs

☐ **FIRST CLASS U.S. MAIL**: I am readily familiar with this business' practice for collecting and processing correspondence for mailing. Under that practice, correspondence is placed for collection and mailing in a sealed envelope with postage fully prepaid and deposited with the United States Postal Service on that same day in the ordinary course of business.

☒ **(ELECTRONIC FILING)** I provided the document(s) listed above electronically through the CM/ECF Electronic Filing system pursuant to the instructions set forth in the Local Rules for the United States District Court, Central District of California.

☐ **(E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on August 7, 2023, at Irvine, California.

By: */s/ Mayela C. Montenegro-Urch*
Mayela C. Montenegro-Urch