# EXHIBIT 1

Michael A. Caddell (State Bar No. 249469)
mac@caddellchapman.com
Cynthia B. Chapman (State Bar No. 164471)
cbc@caddellchapman.com
Amy E. Tabor (State Bar No. 297660)
aet@caddellchapman.com
Caddell & Chapman
P.O. Box 1311
Monterey, CA 93942
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| EDWARD PEÑA and BRANDON MILLER, *individually and on behalf of persons similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>INTERNATIONAL MEDICAL DEVICES, INC., MENOVA INTERNATIONAL, INC., GESIVA MEDICAL, LLC, JAMES J. ELIST, M.D., A MEDICAL CORPORATION, AND DR. JAMES ELIST,<br><br>*Defendants*. | Case No. 2:22-cv-03391-SSS (RAOx)<br><br>**DECLARATION OF AMY E. TABOR**<br><br>Date: September 29, 2023<br>Time: 2:00 pm<br>Crtm: 2 (via Zoom video conference)<br>Judge: Hon. Sunshine S. Sykes |

I, Amy E. Tabor, am counsel for Plaintiffs in this proceeding. I am over 18 years of age and competent to make the following statement. All of the statements below are based on my personal knowledge.

1. On September 9, 2022, Plaintiffs served Requests for Production, Interrogatories, and Requests for Admission on Defendants.

2.   Defendants served written objections and responses to this discovery on October 10, 2022. Defendants objected to any discovery on the grounds that a Rule 26 conference had not taken place.

3.   On April 3, 2023, I spoke to Amir Nassihi, counsel for Defendants, by telephone regarding Plaintiff's discovery requests. For the first time on that telephone call, Mr. Nassihi raised the issue of an arbitration agreement signed by Mr. Pena. Mr. Nasshi sent me a "Physician-Patient Arbitration Agreement" signed by Mr. Pena and "BHSPSC" later that day by email. To facilitate discovery in the case, we agreed that Defendants' participation in the Rule 26 conference and related activity such as service of disclosures, filing the Joint Report, meeting and conferring about discovery responses, and entry of the protective order would not constitute a waiver of any right to arbitrate.

4.   On April 11, 2023, the parties conducted a Rule 26 conference by telephone.

5.   On May 5, 2022, Defendant International Medical Devices, Inc. ("IMD") served Requests for Production and Interrogatories on Mr. Pena.

6.   The parties exchanged Initial Disclosures on May 8, 2023.

7.   On May 11, 2023, Defendants served amended responses to Plaintiff's written discovery. Defendants stated that they would produce certain confidential documents subject to a protective order once the parties agreed to the terms of a protective order.

8.   Mr. Pena responded to IMD's written discovery on June 5, 2023.

9.   On July 5, 2023, Plaintiff's counsel sent Evan Montgomery, counsel for Defendants, a list of proposed search terms intended to help locate responsive documents and filter out non-responsive documents in Defendants' Electronically Stored Information ("ESI").

10. On July 7, 2023, I met and conferred with Mr. Montgomery by telephone regarding these proposed search terms. Mr. Montgomery stated that he would consult with his client and technical experts and respond to Plaintiff's search term proposal.

11. The Magistrate Judge approved the parties' agreed protective order on August 4, 2023.

12. On August 4, 2023, I sent a letter to Defendants' counsel pursuant to Local Rule 37-1 identifying disputed discovery issues and setting forth Plaintiff's position on each issue and request.

13. On August 21, 2023, I met and conferred by telephone with Amir Nassihi, Jennifer Stevenson, and Evan Montgomery regarding the issues in dispute. On that call, we were able to tentatively resolve a number of issues, subject to confirmation by Mr. Mallow, also counsel for Defendants, who was out of the country on vacation. However, Defendants' counsel stated that Defendants would not produce the documents they had previously agreed to produce subject to the protective order, nor would they make any other formal production in response to Plaintiff's discovery requests, while their Motion to Compel Arbitration was pending.

14. Later that day, Mr. Montgomery sent me by email Defendants' counterproposal regarding ESI search terms.

15. On August 22, 2023, I spoke to Mr. Nassihi, Ms. Stevenson, and Mr. Montgomery again by telephone. On that call, we agreed that Defendants' counterproposal regarding ESI search terms was an appropriate starting point, subject to a validation process to ensure the search terms were neither over-inclusive nor under-inclusive. We continued to discuss my letter of August 4 and reached additional tentative agreements to narrow the issues in dispute. Defendants continued to take the position that they would make no formal production while their Motion to Compel Arbitration was pending.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 5, 2023         /s Amy E. Tabor
                                  Amy E. Tabor