Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
cbc@caddellchapman.com
Amy E. Tabor (SBN 297660)
aet@caddellchapman.com
CADDELL & CHAPMAN
P.O. Box 1311
Monterey, CA 93942
Tel.: (713) 751-0400
Fax: (713) 751-0906

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

EDWARD PEÑA and
BRANDON MILLER,
*individually and on behalf of
persons similarly situated,*

        *Plaintiffs*,

     *v.*

INTERNATIONAL
MEDICAL DEVICES, INC.,
MENOVA
INTERNATIONAL, INC.,
GESIVA MEDICAL, LLC,
JAMES J. ELIST, M.D., A
MEDICAL CORPORATION,
AND DR. JAMES ELIST,

       *Defendants*

Case No. 2:22-cv-03391-SSS (RAOx)

**DISCOVERY MATTER**

**JOINT STIPULATION RE: DISCOVERY DISPUTE**

Class Certification Discovery Cut-Off: January 17, 2024
Class Certification Hearing: March 8, 2024
Pre-Trial Conference: N/A
Trial: N/A

Date:      October  25, 2023
Time:     10:00 am
Ctrm:     Courtroom 590, 5th Floor
Judge:    Hon. Rozella A. Oliver

1
2

# TABLE OF CONTENTS

I. Introductory Statements.................................................................................1

   A. Plaintiff's Introductory Statement......................................................1

   B. Defendants' Introductory Statement ...................................................4

II. Issues in Dispute .......................................................................................5

   A. Whether Discovery Is Stayed.............................................................5

      1. Plaintiffs' Position:........................................................................5

      2. Defendants' Position:.....................................................................6

   B. Privilege Logs ....................................................................................8

      1. Plaintiffs' Position:........................................................................8

      2. Defendants' Position:.....................................................................9

   C. Documents Produced in the *IMD v. Cornell Litigation* ..................10

      1. Discovery Requests at Issue.........................................................10

      2. Plaintiff's Position ......................................................................21

      3. Defendant's Position....................................................................22

   D. Documents Regarding Dr. Elist's California Board of Medicine Case .........23

      1. Discovery Requests at Issue.........................................................23

      2. Plaintiff's Position ......................................................................25

      3. Defendant's Position....................................................................26

III. Conclusion .............................................................................................27

# I. INTRODUCTORY STATEMENTS

## A. Plaintiff's Introductory Statement

This case concerns a silicone penile implant, sold as the "Penuma," which Defendants have developed and marketed for cosmetic penis enlargement. (*See* Pls.' Third Am. Compl., attached as Exhibit 1.) Plaintiffs allege that Penuma is not safe and effective. (*Id.* ¶¶ 2-3, 67-78.) Instead of resulting in the larger, natural-looking penis Defendants' marketing falsely promises, Penuma frequently causes scarring, resulting in the penis becoming shorter. (*Id.* ¶¶ 4, 56, 74-75.) Contrary to Defendants' representations that the procedure is "reversible," when complications require the implant to be removed, men are left permanently disfigured. (*Id.* ¶¶ 36, 56, 76.) Plaintiffs further allege Defendants misleadingly advertised Penuma as "FDA-cleared" to imply that the FDA has tested Penuma and determined that it is safe and effective, when in fact the FDA has not done any safety and effectiveness testing on Penuma. (*Id.* ¶¶ 3, 50.) Plaintiffs bring their claims on behalf of a Class of similarly situated persons whose Penuma procedures were performed by Dr. James Elist from May 19, 2018, through the date of certification. (*Id.* ¶¶ 92-93.)

Plaintiff filed his Original Complaint on May 19, 2022. (Dkt. 1.) On August 1, 2022, Defendants moved to dismiss. (Dkt. 31.) On September 9, 2022, Plaintiff Edward Peña served his first set of Requests for Production, Interrogatories, and Requests for Admission. On October 11, 2022, Defendants responded to this discovery, asserting a blanket objection to any discovery taking place based on the fact that a Rule 26(f) conference had not yet occurred. On January 10, 2023, the Court denied Defendants' motion to dismiss as to Plaintiff's legal claims and granted the motion as to Plaintiff's equitable claims without prejudice, allowing leave to amend. (Dkt. 50.) Plaintiff filed his Second Amended Complaint, adding allegations regarding his equitable claims, on January 20, 2023. (Dkt. 51.) Defendants again moved to dismiss the equitable claims.  (Dkt. 53.) On April 17, 2023, the Court

denied Defendants' second motion to dismiss.  (Dkt. 61.)

On April 3, 2023, the parties met and conferred regarding the sufficiency of Defendants' discovery responses. On April 11, 2023, the parties held a Rule 26(f) conference. On May 11, 2023, Defendants filed their amended objections and responses to Plaintiff's first set of written discovery, raising numerous objections and also offering to produce certain documents subject to a protective order. On May 26, 2023, Defendants produced documents Bates numbered PENU_0000001–0000279, stating that they would make a further production of confidential documents following the entry of a protective order.  The Court entered a stipulated protective order on August 4, 2023. (Dkt. 76.) Defendants still have not produced the confidential documents.

The parties submitted a Joint Rule 26 Report on July 7, 2023. Based on the parties' written report, the Court established a class certification briefing schedule requiring Plaintiffs to file their Motion for Class Certification by January 17, 2024 and setting a hearing on the Motion for Class Certification for March 8, 2024. (Dkt. 73.) The Court has not yet set deadlines for the Pre-Trial Conference and Trial. On July 19, 2023, Plaintiffs filed their Third Amended Complaint. (Dkt. 71.)  On August 7, 2023, Defendants filed a motion to compel arbitration and to stay discovery, which was noticed for hearing on September 29, 2023. (Dkt. 77.) Defendants served their answer to the Third Amended Complaint on August 14, 2023. (Dkt. 78.)   On September 21, 2023, the Court continued the hearing on Defendants' Motion to Compel Arbitration until October 27, 2023. (Dkt. 81.)

On July 5, 2023, Plaintiff's counsel sent defense counsel a list of proposed search terms for electronically stored information ("ESI") and met and conferred with defense counsel about the search terms on July 7, 2023. On that telephone call, defense counsel stated that he would speak to Defendants and respond with a counter-proposal regarding the ESI search terms. By letter dated August 8, 2023,

Plaintiffs counsel identified 12 disputed discovery issues based on Defendants' written objections and responses to Plaintiff's first set of written discovery and notified Defendants' counsel, pursuant to Local Rule 37-1, of each disputed discovery request and Plaintiff's position on each issue and request, including a number of proposals for narrowing the requests.

On August 21 and 22, Plaintiffs' counsel and Defendants' counsel met and conferred by telephone regarding the disputed discovery issues. On those telephone calls, they were able to reach tentative agreement as to a number of issues, subject to defense counsel's consultation with Defendants and Mr. Mallow, who was not able to attend the call. Defense counsel also responded on August 21, 2023 with their counter-proposal regarding ESI search terms, and the parties agreed that the counter-proposal was a good starting point for searching Defendants' ESI, subject to a validation process. Defendants' counsel, however, took the position that Defendants would not make any formal production, including even of documents that Defendants had offered to produce subject to the protective order in their written discovery responses served on May 11, while their Motion to Compel Arbitration remained pending. Defendants also refused to produce a privilege log.

On September 17, 2023, Plaintiffs' counsel followed up by email with defense counsel, seeking to confirm their tentative agreement to withdraw certain objections and respond to certain narrowed requests, as well as to confirm that the parties were at an impasse with regard to Defendants' request for a discovery stay and the privilege log issue. Plaintiffs' counsel also asked Defendants whether they would agree to use Magistrate Judge Oliver's Informal Discovery Dispute Resolution procedures to resolve any issues on which the parties were not able to reach agreement. Defendants confirmed the parties' agreements on several of the disputed issues and elected to return this Joint Stipulation with their position on the issues that remain in dispute.

## B. Defendants' Introductory Statement

This case remains at an early stage. As Plaintiffs note, the parties only recently held their Rule 26(f) conference, and Plaintiffs' now-operative Third Amended Complaint, which added a named Plaintiff (Plaintiff Brandon Miller joined Plaintiff Edward Peña), a new putative subclass, and new allegations, was only filed on July 19, 2023. *See* Dkt. 71. While Plaintiffs are correct that the Court has set 2024 deadlines for class certification discovery and briefing, their implication that these deadlines require immediate action from the Court is not. If the Court grants Defendants' Motion to Compel Arbitration and Stay Proceedings, then discovery will proceed in the arbitration proceedings for Peña's and Miller's individual claims. If that motion were denied, it would be Defendants' intent to pursue an interlocutory appeal that would require a stay while the appeal remained pending. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 10, 143 S. Ct. 1915, 1923, 216 L. Ed. 2d 671 (2023). To the extent any of the issues raised by Plaintiffs require the Court's involvement, they should be heard following the Court's decision on the fully-briefed Motion to Compel Arbitration and Stay Proceedings, to conserve the Court's and the parties' resources and avoid inconsistent rulings.[1] Indeed, the issue of whether discovery should be stayed pending a ruling on Defendants' Motion to Compel Arbitration is already pending before Judge Sykes, yet Plaintiffs apparently intend to put the same issue before Magistrate Judge Oliver.

Plaintiffs' Introduction refers to discovery disputes that were never disputes at all, including those related to requests or issues the parties never conferred upon as required by Local Rule 37.1. The majority of these were withdrawn by Plaintiffs after Defendants edited this document to identify the issues that had already been

---

[1] Defendants note that they agreed to extend the briefing schedule on the Motion to Compel Arbitration and Stay Proceedings to accommodate Plaintiffs' counsel's vacation. Otherwise, the Motion may have already been heard and ruled upon.

resolved and those that were never the subject of any conference. The issues that remain relate to a clear misreading of the Stipulated Protective Order in this case, and Plaintiffs' decision to serve (and failure to narrow) overly broad, duplicative, and overlapping requests for documents related to other matters that do not involve the claims and defenses in this case. Plaintiffs ask the Court for an Order compelling Defendants to withdraw valid objections to those overbroad and irrelevant requests and to produce documents within 30 days, despite the fact that discovery[2] in this case will almost certainly be stayed when Defendants' Motion to Compel Arbitration and Stay Proceedings (*See* Dkt. 77, 80) is either granted or denied. The Court should deny all relief sought by Plaintiffs, and should defer consideration of the issues Plaintiffs raise while it considers Defendants' Motion to Compel Arbitration.

## II.  ISSUES IN DISPUTE

### A.  Whether Discovery Is Stayed

#### 1.  Plaintiffs' Position:

The Court has not stayed discovery in this action, and all case deadlines, including Plaintiffs' deadline to file their Motion for Class Certification on January 17, 2024, remain in effect. Unless the Court issues a stay or takes that deadline off calendar, Plaintiffs understand that it is their responsibility to be prepared to file their Motion for Class Certification on January 17. In order to do so, they need to receive Defendants' production of documents relevant to class certification as soon as possible.

The parties made substantial progress on a number of discovery issues at their meet-and-confer discussions on August 21–22, including reaching agreements to narrow a number of requests and an agreement to an initial list of ESI search terms, subject to a validation process. While Defendants' counsel has cited *Coinbase, Inc.*

---

[2] Merits discovery is already stayed; only class certification discovery is permitted at this stage. *See* Dkt. 73 at 2.

*v. Bielski*, 1443 S. Ct. 1915 (June 23, 2023) in support of staying discovery, *Coinbase* is limited to whether discovery should be stayed while denial of a motion to compel arbitration is on appeal. Nothing in *Coinbase* prevents discovery from continuing while a motion to compel arbitration is pending. Furthermore, Defendants brought two Motions to Dismiss and delayed for over a year before seeking to compel arbitration just as discovery was finally getting underway. Not only did this long delay waive any right to arbitrate, (*see* Dkt 79 at 2–6), Defendants are not signatories to the arbitration agreements they are attempting to enforce, and the agreements are on their faces limited to "medical malpractice" disputes, not false advertising and consumer fraud cases like this one. (*Id.* at 7–12.) Such a groundless motion should not delay the progress of discovery in this case.

### 2. Defendants' Position:

Consistent with authority in this district and the United States Supreme Court's recent decision in *Coinbase v. Bielski*, discovery should be stayed while Defendants' Motion to Compel Arbitration and Stay Proceedings is pending. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 6, 143 S. Ct. 1915, 1921, 216 L. Ed. 2d 671 (2023). For starters, courts routinely stay discovery while motions to compel arbitration are pending. *See, e.g.*, *Galaxia Elecs. Co. v. Luxmax U.S.A.*, No. LA CV16-05144-JAK (GJSx), 2017 WL 11566394, at *2 (C.D. Cal. Dec. 28, 2017) (noting that Ninth Circuit courts "routinely grant motions to stay discovery under similar circumstances"); *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (granting defendant's motion to stay discovery as to the plaintiff and third parties); *Stiener v. Apple Computer, Inc.*, No. C 07-4486-SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) ("In the interests of conserving the resources of the parties, a short stay of ... discovery pending the determination of the motion to compel arbitration is therefore prudent."); *Jones v. Deutsche Bank AG*, No. C 04-5357-FW-RS, 2007

1   WL 951811, at *1 (N.D. Cal. Mar. 28, 2007) ("issues of policy and expediency ...

2   ordinarily support" granting a motion to stay discovery pending a ruling on a

3   defendant's motion to compel arbitration). There is no reason to depart from this

4   routine practice.

5       *Coinbase* reinforces the appropriateness of such a stay. In *Coinbase*, the

6   Supreme Court reversed the Ninth Circuit and held that "the District Court was

7   required to stay its proceedings," during the interlocutory appeal of the denial of a

8   motion to compel arbitration. *Id*. at 1923. As the Supreme Court noted, "If the district

9   court could move forward with pre-trial and trial proceedings while the appeal on

10   arbitrability was ongoing, then many of the asserted benefits of arbitration

11   (efficiency, less expense, less intrusive discovery, and the like) would be

12   irretrievably lost—even if the court of appeals later concluded that the case actually

13   had belonged in arbitration all along." *Id*. at 1921. In addition, not staying the case

14   pending the appeal, "creates the possibility that the district court will waste scarce

15   judicial resources—which could be devoted to other pressing criminal or civil

16   matters—on a dispute that will ultimately head to arbitration in any event." *Id*.

17   According to the Supreme Court, "That scenario represents the 'worst possible

18   outcome' for parties and the courts: litigating a dispute in the district court only for

19   the court of appeals to "reverse and order the dispute arbitrated." *Id*. These same

20   principles support staying discovery while Defendants' motion to compel arbitration

21   is pending. Absent a stay, the benefits of arbitration will be lost and the court may

22   be forced to spend scarce resources resolving discovery disputes in a case that does

23   not belong in this Court. Contrary to Plaintiffs' claims, and as set out in Defendants'

24   briefing on its Motion to Compel Arbitration, (1) Defendants are parties or third

25   parties entitled to enforce the arbitration agreements at issue; (2) Plaintiffs' claims

26   are within the scope of those agreements; and (3) Defendants have not waived their

27   right to arbitrate those claims. *See* Dkt. 77, 80.

28

1    Plaintiffs' concern about the January 17, 2024 class discovery deadline is
2    misplaced. This case will soon be stayed *regardless* of the outcome of Defendants'
3    Motion to Compel, as another court recognized in identical circumstances. Relying
4    on *Coinbase*, the United States District Court for the Southern District of Florida
5    recently noted that "it was *either* going to grant the Motion to Compel [Arbitration]
6    or Dismiss, in which case the litigation will be stayed *or* [it was] going to deny the
7    Motion to Compel or Dismiss in which case [Defendants will] take an interlocutory
8    appeal—thus again requiring a stay of the whole case."[3] *Sizemore v. Zhao*, No. 23-
9    CV-21261, 2023 WL 5087341, at *2 (S.D. Fla. Aug. 8, 2023) (emphasis in original).
10   Thus, the District Court stayed all discovery, concluding that such a stay "makes
11   sense," pending the disposition of the motion to compel arbitration. *Id.*

12   Finally, whether discovery and all other proceedings should be stayed in this
13   case are the subject of Defendants' fully-briefed Motion to Compel Arbitration and
14   Stay Proceedings, which is set for hearing before Judge Sykes on October 27, 2023.
15   (Dkt. 81). In fact, Plaintiffs made substantially the same arguments they make above
16   in their September 5, 2023 Opposition to Defendants' Motion. (Dkt. 79 at 18–19).
17   Deciding the same issue in this context before it is ruled on by Judge Sykes would
18   waste the Court's and the parties' resources and risk inconsistent rulings.

## B. Privilege Logs

### 1. Plaintiffs' Position:

The Stipulated Protective Order, provides that "[a] privilege log shall be
served by any Party withholding responsive documents on the basis of privilege or
work product protection on a rolling basis within forty-nine (49) days after the
production from which it is withheld." (Dkt. 76 at 12–13.) Defendants objected to

---

[3] Similarly, here, Defendants informed Plaintiff's counsel during the parties' August meet and confer that Defendants intended to pursue an interlocutory appeal should the pending Motion to Compel Arbitration—which is set to be heard in less than a month—be denied.

numerous requests based on attorney-client privilege in their written responses served on May 11, 2023 and withheld such documents from their production on May 26, 2023. Their privilege log thus should have been produced, under the Stipulated Protective Order, by July 14, 2023. Plaintiffs raised this issue in their meet-and-confer letter on August 4, 2023, and at the conference of counsel offered to extend the time for logging privileged documents if Defendants would commit to a date certain by which they would produce a privilege log, but Defendants refused to do so. The Court should therefore compel Defendants to produce any documents withheld based on privilege objections within 30 days.

####### 2. Defendants' Position:

First, for the reasons set forth above, the Court should defer consideration of this issue while it considers Defendants' Motion to Compel Arbitration.

Next, Defendants have not produced privilege logs because they have not yet made productions from which privileged or protected documents were withheld. The Stipulated Protective Order contemplates multiple or rolling productions of documents, and provides that privilege logs must be served "within forty-nine (49) days *after the production from which it is withheld*." (Dkt. 76 at 12–13). Defendants' May 26, 2023 production consisted of: articles of incorporation or organization for entity defendants; business filings with the California and Minnesota Secretaries of State; corporate bylaws, resolutions, and meeting minutes; an organizational chart for International Medical Devices, Inc.; published literature related to Penuma; and certain adverse event reports submitted to FDA related to Penuma. None of those discrete collections included work-product protected material or privileged communications. Because there were no documents withheld as privileged or protected from the May 26, 2023 production, there was no requirement that Defendants serve a privilege log. As the remainder of Plaintiffs' portions of this Joint Discovery Stipulation makes clear, should discovery proceed in this case rather than

1    in individual arbitrations with Plaintiff Pena and Plaintiff Miller, there are certain

2    categories of documents that Defendants would produce to Plaintiffs, including

3    collections of communications from which privileged and work-product protected

4    materials would be withheld. If and when those productions are made in this case,

5    Defendants will, of course, produce a privilege log within 49 days of each such

6    production, as the Stipulated Protective Order requires.

7       **C. Documents Produced in the *IMD v. Cornell Litigation***

8          **1. Discovery Requests at Issue**

9        The following requests, set forth below with Defendants' responses, all

10   concern documents produced in a related case, *International Medical Devices, Inc.*

11   *et al. v. Robert Cornell, MD, et al*., No. 2:20-cv-03503-CMB (RAOx).

12       **REQUEST FOR PRODUCTION No. 1 to Dr. James Elist**: All documents

13   produced in I*nternational Medical Devices, Inc. et al. v. Robert Cornell, MD, et al.*,

14   No. 2:20-cv-03503-CMB (RAOx).

15       **AMENDED RESPONSE**: Defendant objects to this Request, for the

16   following reasons.

17       First, the Request is not relevant to issues related to certification of the

18   putative class defined in Plaintiffs' Complaint.

19       Second, the Request seeks documents that are not relevant to the claims and

20   defenses in this case, and that a search for such documents would not be proportional

21   to the needs of this case. Fed. R. Civ. P. 26(b). Specifically, the Request seeks

22   documents related to *International Medical Devices, Inc. et al. v. Robert Cornell,*

23   *MD, et al*., No. 2:20-cv-03503-CMB (RAOx) ("*Cornell*"), a civil matter related to

24   the misappropriation of trade secrets, copyright and trademark infringement, and

25   contractual claims, among other claims. *Cornell* does not involve the issues here

26   related to product- and marketing-related claims that Plaintiff alleges were false or

27   misleading, and this case does not involve the contracts and interactions with the

28

defendants in *Cornell* at issue there. *See, e.g.*, May 31, 2022 Order Denying Transfer Pursuant to General Order 21-01 (Doc. No. 12) (finding that *Cornell* "is a misappropriation case against a doctor," while this case "is a false advertising and unfair competition case filed by a class of medical patients against International Medical Devices, Inc." and that "[t]he parties and claims of each case are dissimilar[.]").

**REQUEST FOR PRODUCTION No. 2 to Dr. James Elist:** All transcripts and recordings of depositions taken in *International Medical Devices, Inc. et al. v. Robert Cornell, MD, et al.*, No. 2:20-cv-03503-CMB (RAOx).

**AMENDED RESPONSE**: Defendant objects to this Request, for the following reasons.

First, the Request is not relevant to issues related to certification of the putative class defined in Plaintiffs' Complaint.

Second, the Request seeks documents that are not relevant to the claims and defenses in this case, and that a search for such documents would not be proportional to the needs of this case. Fed. R. Civ. P. 26(b). Specifically, the Request seeks documents related to depositions in *International Medical Devices, Inc. et al. v. Robert Cornell, MD, et al.*, No. 2:20-cv-03503-CMB (RAOx) ("*Cornell*"), a civil matter related to the misappropriation of trade secrets, copyright and trademark infringement, and contractual claims, among other claims. *Cornell* does not involve the issues here related to product- and marketing-related claims that Plaintiff alleges were false or misleading, and this case does not involve the contracts and interactions with the defendants in *Cornell* at issue there. *See, e.g.*, May 31, 2022 Order Denying Transfer Pursuant to General Order 21-01 (Doc. No. 12) (finding that *Cornell* "is a misappropriation case against a doctor," while this case "is a false advertising and unfair competition case filed by a class of medical patients against International

Medical Devices, Inc." and that "[t]he parties and claims of each case are dissimilar[.]").

**REQUEST FOR PRODUCTION No. 3 to Dr. James Elist**: All written discovery served in *International Medical Devices, Inc. et al. v. Robert Cornell, MD, et al.*, No. 2:20-cv-03503-CMB (RAOx).

**AMENDED RESPONSE**: Defendant objects to this Request, for the following reasons.

First, the Request is not relevant to issues related to certification of the putative class defined in Plaintiffs' Complaint.

Second, the Request seeks documents related to written discovery served in another matter that are not relevant to the claims and defenses in this case, and that asearch for such documents would not be proportional to the needs of this case. Fed. R. Civ. P. 26(b). First, even if the issues in another matter were relevant to the issues in this case, the written discovery propounded by a party to that other matter would not be relevant to any claim or defense in this case. Further, the Request seeks documents related to written discovery *in International Medical Devices, Inc. et al. v. Robert Cornell, MD, et al.*, No. 2:20-cv-03503-CMB (RAOx) ("*Cornell*"), a civil matter related to the misappropriation of trade secrets, copyright and trademark infringement, and contractual claims, among other claims, that are not relevant here. *Cornell* does not involve the issues here related to product- and marketing-related claims that Plaintiff alleges were false or misleading, and this case does not involve the contracts and interactions with the defendants in *Cornell* at issue there. *See, e.g.*, May 31, 2022 Order Denying Transfer Pursuant to General Order 21-01 (Doc. No. 12) (finding that *Cornell* "is a misappropriation case against a doctor," while this case "is a false advertising and unfair competition case filed by a class of medical patients against International Medical Devices, Inc." and that "[t]he parties and claims of each case are dissimilar[.]").

1    **REQUEST FOR PRODUCTION No. 1 to Dr. James J. Elist, M.D., a**

2    **Medical Corporation**: All documents produced in *International Medical Devices,*

3    *Inc. et al. v. Robert Cornell, MD, et al.,* No. 2:20-cv-03503-CMB (RAOx).

4        **AMENDED RESPONSE:** Subject to and without waiving its objections,

5    Defendant states that it is not a party *to International Medical Devices, Inc. et al. v.*

6    *Robert Cornell, MD, et al*., No. 2:20-cv-03503-CMB (RAOx) ("*Cornell*"), and

7    therefore has no documents responsive to this Request.

8        Further responding, to the extent Plaintiff seeks additional searches or

9    production of documents, Defendant objects to the Request, for the following

10    reasons.

11        First, the Request is not relevant to issues related to certification of the

12    putative class defined in Plaintiffs' Complaint.

13        Second, the Request seeks documents that are not relevant to the claims and

14    defenses in this case, and a search for such documents would not be proportional to

15    the needs of this case. Specifically, the Request seeks documents related to a civil

16    matter related to the misappropriation of trade secrets, copyright and trademark

17    infringement, and contractual claims, among other claims. *Cornell* does not involve

18    the issues here related to product- and marketing-related claims that Plaintiff alleges

19    were false or misleading, and this case does not involve the contracts and interactions

20    with the defendants in *Cornell* at issue there. See, e.g., May 31, 2022 Order Denying

21    Transfer Pursuant to General Order 21-01 (Doc. No. 12) (finding that *Cornell* "is a

22    misappropriation case against a doctor," while this case "is a false advertising and

23    unfair competition case filed by a class of medical patients against International

24    Medical Devices, Inc." and that "[t]he parties and claims of each case are

25    dissimilar[.]").

26    **REQUEST FOR PRODUCTION No. 2 to Dr. James J. Elist, M.D., a**

27    **Medical Corporation**: All transcripts and recordings of depositions taken in

28

1 | *International Medical Devices, Inc. et al. v. Robert Cornell, MD, et al.,* No. 2:20-
2 | cv-03503-CMB (RAOx).

3 |      **AMENDED RESPONSE:** Subject to and without waiving its objections,
4 | Defendant states that it is not a party to *International Medical Devices, Inc. et al. v.*
5 | *Robert Cornell, MD, et al*., No. 2:20-cv-03503-CMB (RAOx) ("*Cornell*"), and
6 | therefore has no documents responsive to this Request.

7 |      Further responding, to the extent Plaintiff seeks additional searches or
8 | production of documents, Defendant objects to the Request, for the following
9 | reasons.

10 |      First, the Request is not relevant to issues related to certification of the
11 | putative class defined in Plaintiffs' Complaint.

12 |      Second, the Request seeks documents related to depositions taken in another
13 | matter that are not relevant to the claims and defenses in this case, and that a search
14 | for such documents would not be proportional to the needs of this case. Fed. R. Civ.
15 | P. 26(b). Specifically, the Request seeks documents related to depositions in
16 | *International Medical Devices, Inc. et al. v. Robert Cornell, MD, et al*., No. 2:20-
17 | cv-03503-CMB (RAOx) ("*Cornell*"), a civil matter related to the misappropriation
18 | of trade secrets, copyright and trademark infringement, and contractual claims,
19 | among other claims. *Cornell* does not involve the issues here related to product- and
20 | marketing-related claims that Plaintiff alleges were false or misleading, and this case
21 | does not involve the contracts and interactions with the defendants in *Cornell* at issue
22 | there. See, e.g., May 31, 2022 Order Denying Transfer Pursuant to General Order
23 | 21-01 (Doc. No. 12) (finding that *Cornell* "is a misappropriation case against a
24 | doctor," while this case "is a false advertising and unfair competition case filed by a
25 | class of medical patients against International Medical Devices, Inc." and that "[t]he
26 | parties and claims of each case are dissimilar[.]").

27 |
28 |

Case No. 2:22-cv-03391-SSS (RAOx)      – 14 –

1    **REQUEST FOR PRODUCTION No. 3 to Dr. James J. Elist, M.D., a**
2  **Medical Corporation**:   All written discovery served in *International Medical*
3  *Devices, Inc. et al. v. Robert Cornell, MD, et al.*, No. 2:20-cv-03503-CMB (RAOx).

4    **AMENDED RESPONSE:** Subject to and without waiving its objections,
5  Defendant states that it is not a party to International Medical Devices, Inc. et al. v.
6  Robert Cornell, MD, et al., No. 2:20-cv-03503-CMB (RAOx) ("*Cornell*"), and
7  therefore has no documents responsive to this Request.

8    Further responding, to the extent Plaintiff seeks additional searches or
9  production of documents, Defendant objects to the Request, for the following
10 reasons.

11   First, the Request is not relevant to issues related to certification of the
12 putative class defined in Plaintiffs' Complaint.

13   Second, the Request seeks documents related to written discovery served in
14 another matter that are not relevant to the claims and defenses in this case, and that
15 a search for such documents would not be proportional to the needs of this case. Fed.
16 R. Civ. P. 26(b). Even if the issues in another matter were relevant to the issues in
17 this case, the written discovery propounded by a party to that other matter would not
18 be relevant to any claim or defense in this case. The Request seeks documents related
19 to written discovery in *International Medical Devices, Inc. et al. v. Robert Cornell,*
20 *MD, et al*., No. 2:20-cv-03503-CMB (RAOx) ("*Cornell*"), a civil matter related to
21 the misappropriation of trade secrets, copyright and trademark infringement, and
22 contractual claims, among other claims, that are not relevant here. *Cornell* does not
23 involve the issues here related to product- and marketing-related claims that Plaintiff
24 alleges were false or misleading, and this case does not involve the contracts and
25 interactions with the defendants in *Cornell* at issue there. See, e.g., May 31, 2022
26 Order Denying Transfer Pursuant to General Order 21-01 (Doc. No. 12) (finding that
27 *Cornell* "is a misappropriation case against a doctor," while this case "is a false

28  Case No. 2:22-cv-03391-SSS (RAOx)         – 15 –

advertising and unfair competition case filed by a class of medical patients against International Medical Devices, Inc." and that "[t]he parties and claims of each case are dissimilar[.]").

**REQUEST FOR PRODUCTION No. 1 to International Medical Devices, Inc.:** All documents produced in *International Medical Devices, Inc. et al. v. Robert Cornell, MD, et al*., No. 2:20-cv-03503-CMB (RAOx).

**AMENDED RESPONSE:** Defendant objects to this Request, for the following reasons.

First, the Request is not relevant to issues related to certification of the putative class defined in Plaintiffs' Complaint.

Second, the Request seeks documents that are not relevant to the claims and defenses in this case, and that a search for such documents would not be proportional to the needs of this case. Fed. R. Civ. P. 26(b). Specifically, the Request seeks documents related to *International Medical Devices, Inc. et al. v. Robert Cornell, MD, et al.*, No. 2:20-cv-03503-CMB (RAOx) ("*Cornell*"), a civil matter related to the misappropriation of trade secrets, copyright and trademark infringement, and contractual claims, among other claims. *Cornell* does not involve the issues here related to product- and marketing-related claims that Plaintiff alleges were false or misleading, and this case does not involve the contracts and interactions with the defendants in *Cornell* at issue there. See, e.g., May 31, 2022 Order Denying Transfer Pursuant to General Order 21-01 (Doc. No. 12) (finding that *Cornell* "is a misappropriation case against a doctor," while this case "is a false advertising and unfair competition case filed by a class of medical patients against International Medical Devices, Inc." and that "[t]he parties and claims of each case are dissimilar[.]").

1    **REQUEST FOR PRODUCTION No. 2 to International Medical Devices,**

2    **Inc.:**  All transcripts and recordings of depositions taken in *International Medical*

3    *Devices, Inc. et al. v. Robert Cornell, MD, et al.,* No. 2:20-cv-03503-CMB (RAOx).

4          **AMENDED RESPONSE:** Defendant objects to this Request, for the

5    following reasons.

6          First, the Request is not relevant to issues related to certification of the

7    putative class defined in Plaintiffs' Complaint.

8          Second, the Request seeks documents related to depositions taken in another

9    matter that are not relevant to the claims and defenses in this case, and that a search

10   for such documents would not be proportional to the needs of this case. Fed. R. Civ.

11   P. 26(b). Specifically, the Request seeks documents related to depositions in

12   *International Medical Devices, Inc. et al. v. Robert Cornell, MD, et al*., No. 2:20-

13   cv-03503-CMB (RAOx) ("*Cornell*"), a civil matter related to the misappropriation

14   of trade secrets, copyright and trademark infringement, and contractual claims,

15   among other claims. *Cornell* does not involve the issues here related to product- and

16   marketing-related claims that Plaintiff alleges were false or misleading, and this case

17   does not involve the contracts and interactions with the defendants in *Cornell* at issue

18   there. See, e.g., May 31, 2022 Order Denying Transfer Pursuant to General Order

19   21-01 (Doc. No. 12) (finding that *Cornell* "is a misappropriation case against a

20   doctor," while this case "is a false advertising and unfair competition case filed by a

21   class of medical patients against International Medical Devices, Inc." and that "[t]he

22   parties and claims of each case are dissimilar[.]").

23   **REQUEST FOR PRODUCTION No. 3 to International Medical Devices,**

24   **Inc.:**  All written discovery served in *International Medical Devices, Inc. et al. v.*

25   *Robert Cornell, MD, et al*., No. 2:20-cv-03503-CMB (RAOx).

26         **AMENDED RESPONSE:** Defendant objects to this Request, for the

27   following reasons.

28

1   First, the Request is not relevant to issues related to certification of the

2   putative class defined in Plaintiffs' Complaint.

3   Second, the Request seeks documents related to written discovery served in

4   another matter that are not relevant to the claims and defenses in this case, and that

5   a search for such documents would not be proportional to the needs of this case. Fed.

6   R. Civ. P. 26(b). First, even if the issues in another matter were relevant to the issues

7   in this case, the written discovery propounded by a party to that other matter would

8   not be relevant to any claim or defense in this case. Further, the Request seeks

9   documents related to written discovery in *International Medical Devices, Inc. et al.*

10  *v. Robert Cornell, MD, et al*., No. 2:20-cv-03503-CMB (RAOx) ("*Cornell*"), a civil

11  matter related to the misappropriation of trade secrets, copyright and trademark

12  infringement, and contractual claims, among other claims, that are not relevant here.

13  *Cornell* does not involve the issues here related to product- and marketing-related

14  claims that Plaintiff alleges were false or misleading, and this case does not involve

15  the contracts and interactions with the defendants in *Cornell* at issue there. See, e.g.,

16  May 31, 2022 Order Denying Transfer Pursuant to General Order 21-01 (Doc. No.

17  12) (finding that *Cornell* "is a misappropriation case against a doctor," while this

18  case "is a false advertising and unfair competition case filed by a class of medical

19  patients against International Medical Devices, Inc." and that "[t]he parties and

20  claims of each case are dissimilar[.]").

21  **REQUEST FOR PRODUCTION No. 1 to Menova International, Inc.:**

22  All documents produced in *International Medical Devices, Inc. et al. v. Robert*

23  *Cornell, MD, et al.,* No. 2:20-cv-03503-CMB (RAOx).

24  **AMENDED RESPONSE:**   Defendant objects to this Request, for the

25  following reasons.

26  First, the Request is not relevant to issues related to certification of the

27  putative class defined in Plaintiffs' Complaint.

28

Case No. 2:22-cv-03391-SSS (RAOx)          – 18 –

1   Second, the Request seeks documents that are not relevant to the claims and
2   defenses in this case, and that a search for such documents would not be proportional
3   to the needs of this case. Fed. R. Civ. P. 26(b). Specifically, the Request seeks
4   documents related to *International Medical Devices, Inc. et al. v. Robert Cornell,*
5   *MD, et al.*, No. 2:20-cv-03503-CMB (RAOx) ("*Cornell*"), a civil matter related to
6   the misappropriation of trade secrets, copyright and trademark infringement, and
7   contractual claims, among other claims. *Cornell* does not involve the issues here
8   related to product- and marketing-related claims that Plaintiff alleges were false or
9   misleading, and this case does not involve the contracts and interactions with the
10  defendants in *Cornell* at issue there. See, e.g., May 31, 2022 Order Denying Transfer
11  Pursuant to General Order 21-01 (Doc. No. 12) (finding that *Cornell* "is a
12  misappropriation case against a doctor," while this case "is a false advertising and
13  unfair competition case filed by a class of medical patients against International
14  Medical Devices, Inc." and that "[t]he parties and claims of each case are
15  dissimilar[.]").

16  **REQUEST FOR PRODUCTION No. 2 to Menova International, Inc.:**
17  All transcripts and recordings of depositions taken in *International Medical Devices,*
18  *Inc. et al. v. Robert Cornell, MD, et al.*, No. 2:20-cv-03503-CMB (RAOx).

19  **AMENDED RESPONSE:** Defendant objects to this Request, for the
20  following reasons.

21  First, the Request is not relevant to issues related to certification of the
22  putative class defined in Plaintiffs' Complaint.

23  Second, the Request seeks documents related to depositions taken in another
24  matter that are not relevant to the claims and defenses in this case, and that a search
25  for such documents would not be proportional to the needs of this case. Fed. R. Civ.
26  P. 26(b). Specifically, the Request seeks documents related to depositions in
27  *International Medical Devices, Inc. et al. v. Robert Cornell, MD, et al.*, No. 2:20-

28

cv-03503-CMB (RAOx) ("*Cornell*"), a civil matter related to the misappropriation of trade secrets, copyright and trademark infringement, and contractual claims, among other claims. *Cornell* does not involve the issues here related to product- and marketing-related claims that Plaintiff alleges were false or misleading, and this case does not involve the contracts and interactions with the defendants in *Cornell* at issue there. See, e.g., May 31, 2022 Order Denying Transfer Pursuant to General Order 21-01 (Doc. No. 12) (finding that *Cornell* "is a misappropriation case against a doctor," while this case "is a false advertising and unfair competition case filed by a class of medical patients against International Medical Devices, Inc." and that "[t]he parties and claims of each case are dissimilar[.]").

**REQUEST FOR PRODUCTION No. 3 to Menova International, Inc.:** All written discovery served in *International Medical Devices, Inc. et al. v. Robert Cornell, MD, et al*., No. 2:20-cv-03503-CMB (RAOx).

**AMENDED RESPONSE:**   Defendant objects to this Request, for the following reasons.

First, the Request is not relevant to issues related to certification of the putative class defined in Plaintiffs' Complaint.

Second, the Request seeks documents related to written discovery served in another matter that are not relevant to the claims and defenses in this case, and that a search for such documents would not be proportional to the needs of this case. Fed. R. Civ. P. 26(b). Even if the issues in another matter were relevant to the issues in this case, the written discovery propounded by a party to that other matter would not be relevant to any claim or defense in this case. Further, the Request seeks documents related to written discovery in *International Medical Devices, Inc. et al. v. Robert Cornell, MD, et al*., No. 2:20-cv-03503-CMB (RAOx) ("*Cornell*"), a civil matter related to the misappropriation of trade secrets, copyright and trademark infringement, and contractual claims, among other claims, that are not relevant here.

*Cornell* does not involve the issues here related to product- and marketing-related claims that Plaintiff alleges were false or misleading, and this case does not involve the contracts and interactions with the defendants in *Cornell* at issue there. See, e.g., May 31, 2022 Order Denying Transfer Pursuant to General Order 21-01 (Doc. No. 12) (finding that *Cornell* "is a misappropriation case against a doctor," while this case "is a false advertising and unfair competition case filed by a class of medical patients against International Medical Devices, Inc." and that "[t]he parties and claims of each case are dissimilar[.]").

### 2. Plaintiff's Position

Plaintiff's position is that these documents are relevant to the safety and effectiveness of Penuma, which is within the scope of class certification discovery because Plaintiffs will use such evidence to show that class certification is proper because no reasonable consumer, properly informed, would purchase Penuma, and Plaintiffs will also use such evidence to show that the lack of any value to consumers from Penuma can be demonstrated on a class-wide basis. Furthermore, because these documents have already been collected and produced in related litigation, the burden of producing copies of them in this case is minimal. At the conference of counsel Plaintiff's counsel offered to limit these Requests solely to trial testimony and deposition testimony and further offered that, to the extent any of these documents concern solely trade secret, copyright, or trademark matters that have no relevance to this action, Plaintiff would limit these requests to exclude such documents. Plaintiff's counsel understood that defense counsel tentatively agreed either to confirm that the trial testimony and deposition transcripts had no information relevant to the safety or effectiveness of Penuma or to produce any portions of the transcripts relevant to these topics, but defense counsel failed to confirm this agreement in writing. Because Defendants' objections to these requests are

1   improper, the Court should strike Defendants' objections and compel Defendants to

2   produce the requested documents within 30 days.

3       **3. Defendant's Position**

4       First, for the reasons set forth above, the Court should defer consideration of

5   this issue while it considers Defendants' Motion to Compel Arbitration.

6       Second, with respect to Defendants James J. Elist, M.D., a Medical

7   Corporation, neither Plaintiffs' pre-conference letter nor the argument above

8   identifies any deficiency. That entity was not a party to and therefore has no

9   documents to produce regarding *International Medical Devices, Inc. et al. v. Robert*

10  *Cornell, MD, et al.*, No. 2:20-cv-03503-CMB (RAOx). Its responses were not

11  discussed at the parties' conference. *See* L.R. 37-1 (requiring a moving party's letter

12  to "identify each issue and/or discovery request in dispute, state briefly as to each

13  such issue/request the moving party's position . . . [and] specify the terms of the

14  discovery order to be sought."). As such, issues related to this Defendant's responses

15  are not ripe.

16      Next, the objections of Defendants International Medical Devices, Inc., Dr.

17  James Elist, and Menova International, Inc., are proper. Plaintiffs' Requests seek

18  documents and transcripts about a separate civil matter related to the

19  misappropriation of trade secrets, copyright and trademark infringement, and

20  contractual claims, among other claims, that are not relevant here. *Cornell* does not

21  involve the issues here related to product- and marketing-related claims that Plaintiff

22  alleges were false or misleading, and this case does not involve the contracts and

23  interactions with the defendants in *Cornell* at issue there. *See, e.g.*, May 31, 2022

24  Order Denying Transfer Pursuant to General Order 21-01 (Doc. No. 12) (finding that

25  *Cornell* "is a misappropriation case against a doctor," while this case "is a false

26  advertising and unfair competition case filed by a class of medical patients against

27  International Medical Devices, Inc." and that "[t]he parties and claims of each case

28

are dissimilar[.]"). Further, motions *in limine* in *Cornell* specifically excepted "evidence, argument or testimony related to the surgical outcomes of Penuma penile implants, including the safety or removal of the implant…," as well as evidence such as online blog posts and message board discussions related to Penuma patients. *See International Medical Devices, Inc. et al. v. Robert Cornell, MD, et al.*, No. 2:20-cv-03503-CMB (RAOx) at Doc. Nos. 588, 589. Simply put, these Requests are not limited to issues relevant to the claims and defenses in this case, much less class certification. *See* Fed. R. Civ. P. 26(b)(1).

Finally, Plaintiffs' Requests for written discovery are even less relevant to the claims and issues in this case – what documents parties in a trade secrets case sought from one another in discovery has absolutely no bearing on Plaintiffs' claims or Defendants' defenses.

### D. Documents Regarding Dr. Elist's California Board of Medicine Case

#### 1. Discovery Requests at Issue

The following requests, set forth below with Defendants' responses, all concern documents related to the California Board of Medicine proceeding against Dr. James Elist related to the Penuma device.

**REQUEST FOR PRODUCTION No. 38 to Dr. James Elist**: All Documents submitted to You or received by You in connection with any Medical Board of California proceeding related to Penuma.

**AMENDED RESPONSE**: Defendant objects to this Request, for the following reasons.

First, the Request is not relevant to issues related to certification of the putative class defined in Plaintiffs' Complaint.

Second, the Request seeks documents that are not relevant to the claims and defenses in this case, and that a search for such documents would not be proportional to the needs of this case. Fed. R. Civ. P. 26(b). Specifically, the Request seeks

documents related to a state medical board proceeding that does not involve the issues here related to product- and marketing-related claims that Plaintiff alleges were false or misleading.

**REQUEST FOR PRODUCTION No. 39 to Dr. James Elist**:   All Communications regarding any Medical Board of California proceeding related to Penuma.

**AMENDED RESPONSE:** Defendant objects to this Request duplicative of Request No. 38, and incorporates its responses and objections to Request No. 38 as if fully set out herein.

Defendant further objects to this Request to the extent it calls for the production of attorney-client privileged communications or work-product protected materials.

**REQUEST FOR PRODUCTION No. 38 to Dr. James J. Elist, M.D., a Medical Corporation**: All Documents submitted to You or received by You in connection with any Medical Board of California proceeding related to Penuma.

**AMENDED RESPONSE:** Defendant objects to this Request, for the following reasons.

First, the Request is not relevant to issues related to certification of the putative class defined in Plaintiffs' Complaint.

Second, the Request seeks documents that are not relevant to the claims and defenses in this case, and that a search for such documents would not be proportional to the needs of this case. Fed. R. Civ. P. 26(b). Specifically, the Request seeks documents related to a state medical board proceeding that does not involve the issues here related to product- and marketing-related claims that Plaintiff alleges were false or misleading.

**REQUEST FOR PRODUCTION No. 39 to Dr. James J. Elist, M.D., a Medical Corporation**: All Communications regarding any Medical Board of California proceeding related to Penuma.

**AMENDED RESPONSE**: Defendant objects to this Request as duplicative of Request No. 38, and incorporates its responses and objections to Request No. 38 as if fully set out herein.

Defendant further objects to this Request to the extent it calls for the production of attorney-client privileged communications or work-product protected materials.

**2. Plaintiff's Position**

Plaintiff's position is that documents related to any California Board of Medicine proceeding related to Penuma are relevant to show that no reasonable consumer, properly informed, would purchase Penuma and that the lack of any value to consumers from Penuma can be demonstrated on a class-wide basis. The California Medical Board has accused Dr. Elist of misrepresenting Penuma's FDA approval status and of violating the standard of care in the medical community by offering surgical penile augmentation to patients whose dissatisfaction with their penises' appearance is purely psychological. Defendants have objected that the requested documents are not relevant. At the initial conference of counsel, Plaintiff's counsel offered that if Defendants were willing to stipulate that whether a reasonable consumer would purchase Penuma does not present any individual issues that would defeat the predominance of common issues for class certification purposes, Plaintiff would consider deferring these requests to the merits stage. Defendants have not agreed to so stipulate. At the conference of counsel following Defendants' amended response, Plaintiff's counsel offered that, to the extent the California Board of Medicine Case also concerns alleged acts of gross negligence and incompetence that are particular to individual cases, Plaintiffs are willing to narrow this request to

include only documents relevant to (1) whether Defendants misrepresented Penuma's FDA approval status; (3) whether the standard of care in the medical community includes offering surgical penile augmentation to patients whose dissatisfaction with their penises' appearance is purely psychological; and (3) whether any reasonable consumer, properly informed, would purchase Penuma. Plaintiff's counsel understood that Defendants' counsel would revert with a counter-proposal for narrowing these requests, but Defendants' counsel has not yet provided any such counter-proposal. Because Defendants' objections to these requests are unfounded and improper, the Court should strike the objections and compel Defendants to produce the requested documents within 30 days.

### 3. Defendant's Position

First, for the reasons set forth above, the Court should defer consideration of this issue while it considers Defendants' Motion to Compel Arbitration.

Next, Defendants' objections are proper. Plaintiffs' Requests seek all documents about a separate proceeding that are not relevant here. The California Medical Board proceeding does not involve the issues here related to product- and marketing-related claims that Plaintiffs allege were false or misleading, and this case does not involve the standard of care in the medical community for offering penile augmentation procedures to patients whose dissatisfaction with their penises is "purely psychological." These Requests are not limited to issues relevant to the claims and defenses in this case, much less class certification. *See* Fed. R. Civ. P. 26(b)(1). Indeed, in their Opposition to Defendants' Motion to Compel Arbitration, Plaintiffs distinguish the negligence-related allegations raised in the Medical Board proceeding from their advertising- and marketing-related claims. *See* Dkt. 79 at 12–13.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.  CONCLUSION

The parties appreciate the Court's assistance in resolving their discovery disputes set forth above.


Dated: October 4, 2023                    Respectfully submitted,


                                          By: */s/ Michael A. Caddell*
                                              Michael A. Caddell (SBN 249469)
                                              mac@caddellchapman.com
                                              Cynthia B. Chapman (SBN 164471)
                                              cbc@caddellchapman.com
                                              Amy E. Tabor (SBN 297660)
                                              aet@caddellchapman.com
                                              CADDELL & CHAPMAN
                                              628 East 9th Street
                                              Houston, TX 77007-1722
                                              Tel.: (713) 751-0400
                                              Fax: (713) 751-0906

                                              *Attorneys for Plaintiff*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: */s/ Amir Nassihi*
    Amir M. Nassihi (SBN: 235936)
    anassihi@shb.com
    SHOOK, HARDY & BACON L.L.P.
    555 Mission Street Suite 2300
    San Francisco, California 94105
    Tel.: (415) 544-1900
    Fax: (415) 391-0281

    Michael L. Mallow (SBN: 188745)
    mmallow@shb.com
    Mayela C. Montenegro-Urch (SBN: 304471)
    mmontenegro@shb.com
    SHOOK, HARDY & BACON L.L.P.
    2049 Century Park East, Suite 3000
    Los Angeles, California 90067
    Tel.: (424) 285-8330
    Fax: (424) 204-9093

    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

     I, Amy E. Tabor, hereby certify that on October 4, 2023 this document was filed with the Court using the CM/ECF system and thereby served on all counsel of record.

*/s/Amy E. Tabor*
Amy E. Tabor
