UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: CV 22-03391-SSS (RAOx)　　　　　　　　　　Date: November 27, 2023
Title: Edward Peña v. International Medical Devices, Inc. et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER RE: MOTION TO COMPEL DISCOVERY RESPONSES [83]**

Pending before the Court is Plaintiffs Edward Peña and Brandon Miller's ("Plaintiffs") Motion to Compel. Dkt. No. 83. Plaintiffs move to compel Defendants International Medical Devices, Inc., Menova International, Inc., Gesiva Medical, LLC, James J. Elist M.D., a Medical Corporation, and Dr. James Elist ("Defendants") to produce a privilege log and documents in response to Requests for Production ("RFPs"). *Id.* The Motion is accompanied by a Local Rule 37-2 Joint Stipulation, which includes the contentions of both parties. Dkt. No. 84. Neither side filed optional supplemental memoranda pursuant to Local Rule 37-3. The Court previously vacated the hearing on the Motion and took the matter under submission. Dkt. No. 90. The Court finds the Motion suitable for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons set forth below, the Court DENIES Plaintiffs' Motion.

**I.    LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b) ("Rule 26(b)") provides that the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). On motion or on its own, the Court must limit the frequency or extent of discovery if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 22-03391-SSS (RAOx)     Date: November 27, 2023
Title: Edward Peña v. International Medical Devices, Inc. et al.

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Louisiana Pac. Corp. v. Money Market 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining, and supporting its objections with competent evidence." *Id.* The Court will not compel a further response when "inadequate guidance exists to determine the proper scope of a discovery request." *Sanchez Ritchie v. Energy*, Case No. 10cv1513-CAB(KSC), 2015 WL 12914435, at *2 (S.D. Cal. Mar. 30, 2015) (citing *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006)).

**II.  DISCUSSION**

The Court will not address the parties' arguments regarding a stay of discovery. That issue is before the presiding District Judge. As of the date of this order, pre-certification discovery has not been stayed and the deadline for Plaintiffs to file their motion for class certification is less than two months away. As such, the Court will proceed to the merits of the Motion.

    **A.  Privilege Log**

Defendants maintain that they have not withheld any documents based on privilege from any productions made thus far. Joint Stip. at 9-10. Although Plaintiffs contend that Defendants withheld privileged documents from their May 26, 2023 production based on objections asserted in their May 11, 2023 responses, *see* Joint Stip. at 8-9, Plaintiffs have not pointed to any specific requests or responses to support this argument, nor have they attached the discovery requests at issue. Because Plaintiffs have not shown that Defendants indicated that they withheld privileged documents from any productions to date, Plaintiffs' request for a privilege log for those productions is denied. To the extent Defendants withhold privileged documents from any productions, Defendants shall timely serve a privilege log pursuant to the protective order.

    **B.  Requests for Documents from Other Proceedings**

Plaintiffs also move to compel production of documents in response to two categories of RFPs. The first category seeks various documents from *International Medical Devices, Inc. et al. v. Robert Cornell, MC, et al.*, No. 2:20-cv-03503-CMB (RAOx). Joint Stip. at 12-23. The second

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 22-03391-SSS (RAOx) | Date: | November 27, 2023 |
| Title: | Edward Peña v. International Medical Devices, Inc. et al. | | |

category seeks from Dr. Elist all documents and communications from any Medical Board of California (the "Board") proceeding related to Penuma. *Id.* at 23-26. Defendants object that these requests seek documents that are not relevant to this case because neither the *Cornell* litigation nor the Board proceedings involved issues related to the product and marketing claims that Plaintiffs allege were false or misleading. Joint Stip. at 22-23, 26.

District courts in this circuit have denied discovery requests that "piggyback" off of discovery conducted in other cases where a plaintiff has not made a sufficient showing of relevance. *See, e.g.*, *Racing Optics v. Aevoe Corp*, No. 2:15-cv-1774-RCJ-VCF, 2016 WL 4059358, at *2 (D. Nev. July 28, 2016) (finding document requests for all documents produced in another litigation constituted "impermissible piggybacking discovery"); *Chen v. Ampco Sys. Parking*, No. 08-CV-0422-BEN (JMA), 2009 WL 2496729, at *2-3 (S.D. Cal. Aug. 14, 2009) (denying discovery requests seeking all discovery produced or received by defendant in state cases and requiring plaintiff to "specifically ask for the documents he wants and be able to demonstrate that the information he seeks is relevant to his claims in *this* case"). The Court finds that Plaintiffs have not met their burden to establish the relevance of their requests seeking discovery from the *Cornell* litigation or documents and communications from the Board proceedings.

As to the first category of requests, the *Cornell* litigation and this litigation involve different claims and allegations. *Cornell* was brought by a subset of the defendants in this putative class action against a number of parties that launched a competing product to Penuma called Augmenta. *First Am. Compl.*, *International Medical Devices, Inc. et al. v. Robert Cornell, MC, et al.*, No. 2:20-cv-03503-CMB (RAOx), Dkt. No. 96. The claims in *Cornell* are for misappropriation of trade secrets, RICO, trademark infringement, counterfeit mark, copyright infringement, breach of contract, breach of covenant of good faith and fair dealing, unfair competition, and false advertising. *Id.* The instant case is brought against some of the plaintiffs in the *Cornell* case. The claims are for false advertising, violation of the California Consumer Legal Remedies Act, and unfair competition. *See* Dkt. No. 71. Although both cases bring false advertising and unfair competition claims, the underlying allegations are distinct. The claims for false advertising and unfair competition in *Cornell* relate to the Augmenta product, whereas the claims for false advertising and unfair competition in the instant case relate to the Penuma product. Thus, discovery in the *Cornell* case does not appear to be relevant to the instant case. *See Strategic Partners, Inc. v. FIGS, Inc.*, No. CV 19-2286-GW (KSx), 2020 WL 4354172, at *9 (C.D. Cal. May 18, 2020) ("The mere fact that [plaintiff] produced certain documents in the [other litigation],

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 22-03391-SSS (RAOx) | Date: | November 27, 2023 |
| Title: | Edward Peña v. International Medical Devices, Inc. et al. | | |

and that case involved claims of false advertising does not necessarily make information discoverable here."). Thus, Plaintiffs' request to compel further responses and production to these requests is denied.

As to the second category, while the subject of the Board proceedings against Dr. Elist may have some overlap with the allegations in the instant lawsuit, Plaintiffs have expressly carved out medical malpractice claims from this action. *See* Dkt. No. 79 at 12-13 ("While it is true that Dr. Elist has been accused of gross negligence and incompetence by the California Medical Board, (*see* ECF No. 77 at 9), Plaintiffs, as masters of their Complaint, have chosen not to bring medical malpractice claims against him."). Plaintiffs explain that this action is for "false advertising and material omissions in Defendants' marketing of the Penuma device and procedure." *Id.* at 12. The vast majority of documents and communications from the Board proceedings against Dr. Elist are not likely to be relevant, even if they relate to Penuma. As such, Plaintiffs' requests are overly broad and not sufficiently tailored to the claims and defenses of this case.

In sum, Plaintiffs have not shown that their requests for documents from the *Cornell* litigation or Board proceedings regarding Penuma seek information that is relevant and proportional to the needs of this case. Plaintiffs' motion to compel production of documents is denied. As to the second category of documents relating to Board proceedings, the denial is without prejudice to Plaintiffs revisiting the issue with a more robust showing of relevance in light of the carve-out of medical malpractice claims or propounding narrower requests.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | dl | |