**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD PEÑA,<br><br>               Plaintiff,<br><br>   v.<br><br>INTERNATIONAL MEDICAL DEVICES, INC., et al.<br><br>               Defendant. | Case No. 2:22-cv-03391-SSS-RAOx<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION [DKT. 77]** |

Before the Court is Defendants Jame J. Elist, Gesiva Medical, LLC, International Medical Devices, Inc., Menova International, Inc.'s motion to compel arbitration (the "Motion") filed on August 7, 2023. [Dkt. 77]. This matter is fully briefed and ripe for review. [Dkt. 79; Dkt. 80].

Having reviewed the parties' arguments, relevant legal authority, and record in this case, the Motion is **DENIED.** [Dkt. 77].

**I.    BACKGROUND**

This matter arises out of allegedly falsely advertised penile implants. [Dkt. 71 at 2]. Plaintiffs claim Defendants jointly developed and marketed the "Penuma" device, a silicone penile implant, as a penis enlargement device. *Id.*

1  Plaintiffs claim further Defendants "falsely and misleadingly" touted Penuma as
2  "FDA-cleared" for penis-enlargement procedures when Penuma was in actuality
3  only cleared for "use in the cosmetic correction of soft tissue deformities."
4  [Dkt. 71 at 2]. Plaintiffs claim that, although marketed as an enlarging device,
5  Penuma causes the shortening of penises due to deformities. *Id*. at 2–3.

6       Relevant to this Motion are the Physician-Patient Arbitration Agreements
7  (the "Arbitration Agreements") Penuma patients sign before undergoing the
8  surgery. [Dkt. 77 at 7]. Plaintiffs Edward Peña and Brandon Miller both
9  underwent Penuma-related surgeries. *Id*. Peña received Penuma in October
10 2020, and Miller underwent Penuma related surgeries in November 2019,
11 November 2020, and March 2021. *Id*. Defendants claim Peña and Miller both
12 signed Physician-Patient Arbitration Agreements. *Id*. at 8. The Arbitration
13 Agreements provide in relevant part:

> "Article 1: Agreement to Arbitrate: It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional rights to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration.
>
> Article 2: All Claims Must be Arbitrated: It is the intention of the parties that this agreement bind all parties whose claims may arise out of or relate to treatment or service provided by the physician including any spouse or heirs of the patient and any children, whether born or unborn, at the time of the occurrence giving rise to any claim. . . . All claims for monetary damages exceeding the jurisdictional limit of the small claims court against the physician, and the physician's partners, associates, association, corporation or partnership, and the employees, agents and estates of any of them, must be arbitrated including, without limitation, claims for loss of

consortium, wrongful death, emotional distress or punitive damages. . . .

Article 3: Procedures and Applicable Law: . . . The parties consent to the intervention and joinder in this arbitration of any person or entity which would otherwise be a proper additional party in a court action, and upon such intervention and joinder any existing court action against such additional person or entity shall be stayed pending arbitration. ...." [Dkt. 77 at 7–8] (emphasis fadded).

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, allows a party to a written arbitration agreement to petition a United States District Court for an order compelling the parties to arbitrate. Under the FAA, the role of the district court is to determine (1) whether the agreement encompasses the dispute at issue, and if so (2) whether the agreement is valid. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092 (9th Cir. 2014) (citing *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1057-58 (9th Cir. 2013) (en banc)). "If the court answers both questions in the affirmative, it must 'enforce the arbitration agreement in accordance with its terms.'" *Roma Mikha, Inc. v. S. Glazer's Wine & Spirits, LLC*, No.: 8:22-cv-01187-FWS-ADS, 2023 WL 3150076, at *4 (C.D Cal. Mar. 30, 2023) (quoting *Johnson v. Walmart, Inc.*, 57 F.4th 677, 680-81 (9th Cir. 2023)).

While Federal substantive law governs questions concerning the interpretation and enforceability of arbitration agreements, ordinary state law contract principles are applied when determining whether the parties agreed to arbitrate. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22–24 (1983); *Ozeran v. BMW of N. Am., LLC*, No. 21-cv-9926-DMG (RAOx), 2022 WL 3696619, at *2 (C.D. Cal. July 15, 2022). "If an arbitration clause is not itself invalid under 'generally applicable contract defenses, such as fraud,

duress, or unconscionability,' it must be enforced according to its terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011).[1]

## III. DISCUSSION

In ruling on a motion to compel arbitration, courts must determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If the answer to both counts is in the affirmative, the FAA requires the Court to enforce the arbitration agreement according to its terms. *Id*. However, where the claims are outside the scope of the arbitration agreement, courts routinely deny motions to compel arbitration. *Lakeside Excursions LLC v. Hillsboro Aviation*, 122 Fed. Appx. 385, 385 (9th Cir. 2005).

As discussed below, the Court finds Plaintiffs' claims are outside the scope of the arbitration agreement, and as such the Court **DENIES** Defendants' Motion. [Dkt. 77].

### A. Scope of the Agreement[2]

To determine the scope of an arbitration agreement, courts "'first look to the express terms'" of the agreement. *Wise v. Maximus Fed. Servs., Inc.*, No. 18-cv-07454-LHK, 2019 WL 3554376, at *4 (N.D. Cal. Aug. 5, 2019) (quoting *Chiron Corp.*, 207 F.3d at 1130). Article 1 of the Arbitration Agreement requires the parties to arbitrate "any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently, or incompletely rendered[.]"

---

[1] The parties agree the FAA Applies. [Dkt. 79 at 7; Dkt. 77 at 13].
[2] Because the Court finds Plaintiffs' claims are outside the scope of the Arbitration Agreements, the Court does not address the existence of the agreement or whether Defendants waived their right to compel arbitration. [Dkt. 79 at 14, 17].

-4-

[Dkt. 77 at 9]. Accordingly, the Arbitration Agreements apply to "medical malpractice" claims where the claims are predicated on unnecessary or unauthorized medical services as well as negligently, improperly, or incompetently rendered medical services. *Id.*[3]

The Court **DENIES** Defendants' Motion because Plaintiffs' claims are outside the scope of the Arbitration Agreements. *Lakeside Excursions*, 122 Fed. Appx. at 385. To determine whether a dispute falls within the scope of an arbitration agreement, courts look to the "factual allegations raised in the complaint." *Jackson v. Amazon.com, Inc.*, 65 F.4th 1093, 1101 (9th Cir. 2023). Here, Plaintiffs' putative class action arises from alleged violations of various California consumer protection laws. [Dkt. 71 at 6]. More specifically, all of Plaintiffs' claims arise out of Defendants' allegedly misleading advertisements of the Penuma device. *Id*. at 39 (Plaintiffs suing under California's False Advertising Law for Defendants' advertisements of the Penuma device); *Id*. at 40 (Plaintiffs suing under California's Consumer Legal Remedies Act for Defendants' false and misleading advertisements of the Penuma device); *Id*. at 44 (Plaintiffs suing under California' Unfair Competition Law for Defendants' false and misleading advertisements).

Thus, because the Arbitration Agreements cover only "medical malpractice claims" as defined above, and Plaintiffs' claims arise out of Defendants' allegedly false or misleading advertisements of the Penuma device, Plaintiffs' claims are not medical malpractice claims within the meaning of the Arbitration Agreements. As such, the Arbitration Agreements do not encompass Plaintiffs' claims, and the Court **DECLINES** to enforce the Arbitration Agreement. *Lakeside Excursions,* 122 Fed. Appx. at 385; *see also Jackson*, 65 F.4th at 1104.

---

[3] Defendants argue Plaintiffs' claims fall under this definition. [Dkt. 77 at 16].

## IV. CONCLUSION

In accordance with the opinion above, because Plaintiffs' claims are outside of the scope of the Arbitration Agreements, the Court **DENIES** Defendants' Motion. [Dkt. 77].

**IT IS SO ORDERED.**

DATED: April 16, 2024

SUNSHINE S. SYKES
United States District Judge